### LUCY W. BATES *vs.* THOMAS M. BATES.

If a widow entitled under St. 1855, c. 238, to an estate of homestead, which has not been set off to her, procures an assignment to herself of dower, under Gen. Sts. c. 90, § 5 of one third of the rents, issues and profits of the same land as tenant in common with the other owners, and then conveys her interest so procured, she waives and relinquishes her right of homestead.

PETITION for partition of a lot of real estate in Hanover, alleging that Thomas M. Bates was seised in fee and in mortgage of the premises, subject to the homestead estate of the petitioner as widow of George Bates, and praying for the estate of homestead to be set off to her.

At the trial in the superior court, before *Rockwell*, J., the facts appeared substantially as follows:

In April 1855 George Bates was seised of the land in dispute, comprising about two acres and a half, on which was a small house where he resided with his family, consisting of the petitioner and two minor children. Beginning in the spring of 1857, on a part of the land which was open and unfenced, he built a house worth more than eight hundred dollars, and moved into it with his family in October of that year, where they continued to live until after his death, which occurred in June 1859.

On May 19, 1859, he had mortgaged the entire premises to Thomas M. Bates, the respondent, to secure a note for money borrowed to build the new house; but the petitioner did not join in the mortgage deed. After her husband's death, the petitioner continued to occupy the premises with her children, one of whom meanwhile had become of age, and the other enlisted as a soldier and left the state in June 1861, and became of age before the filing of this petition. On January 23, 1862,

Thomas M. Bates made an entry on the premises for foreclosure of the mortgage, its condition being broken.

On March 28, 1862, upon the report of commissioners appointed on her petition therefor, the probate court assigned to the present petitioner, with her consent, as her dower, one third of the rents, issues, and profits of the premises, " to be received by her as a tenant in common with Thomas M. Bates, the mortgagee in possession of said estate, and the other owners of the estate ; " and on the same day she sold and conveyed to Thomas M. Bates all her " right of dower and power of thirds in the lot of land and buildings thereon," and " all the interest assigned in the rents and profits of said estate by the assignment of dower in said estate as set forth in the return of the commissioners," with a covenant of special warranty that " the premises " were free from all incumbrances made or suffered by her.

On April 5, 1862, the elder of the petitioner's sons leased of the respondent half of the new house, stipulating for the payment of rent therefor, and the petitioner lived with him there until, in August 1862, he also enlisted as a soldier and left the state, when she hired a room elsewhere and removed to it, taking with her all her furniture except a few chairs, a pine toilet-table, a piece of zinc which had been used under a stove, a meat-tub, and some jugs and oil cans. The other half of the new house, and the old house, were let by the respondent in April 1862, to other tenants, and occupied by them ; and ever since the removal of the petitioner in August, the half of the new house where she had lived with her son was also occupied by tenants of the respondent.

There was conflicting testimony as to what was the petitioner's intention during her residence on the premises, and at the time of her removal, concerning claiming an estate of homestead. The respondent and his brother testified that in February 1861 she told them that she did not intend to make such a claim. The petitioner herself testified, however, that before her removal she knew there was such an estate as homestead ; and that, when she removed, she intended to claim such estate, if she was entitled to it ; and that, soon afterwards, she

took legal advice on the subject, and, being advised that she had title thereto, directed process to be instituted therefor ; and it ap- peared that on January 12, 1863, she did file in the probate court a petition for assignment of homestead in the premises. But, on cross-examination, the petitioner testified that, at the time of her removal, " she had n't much intention about it."

It was agreed by the parties, that, on her petition to the pro- bate court, a decree was entered appointing commissioners to set off an estate of homestead to her, but that the respondent, who in that proceeding also contested her petition, appealed to this court, by which the petition was dismissed in December 1864, for the reason that the probate court had no jurisdiction to assign an estate of homestead in a contested case. The pres- ent petition was filed in February 1865, at the term of the supe- rior court next after that decision.

The respondent asked the judge to rule that the deed of the petitioner to the respondent was a bar to her petition, and also that the facts in evidence constituted such a waiver or abandon- ment of all right of homestead as precluded her from maintain- ing her petition ; but the judge refused both these prayers.

The jury found for the petitioner, and the respondent alleged exceptions.

*P. Simmons*, for the respondent.

*J. B. Harris*, for the petitioner.

HOAR, J. The petitioner acquired a right of homestead under the St. of 1855, *c.* 238. Her husband owned and occupied the land, with the house upon it, at the time when that statute cre- ated the homestead exemption in his favor. As the homestead which he acquired attached to the whole land upon which he lived, it did not cease and was not affected by the building of the new house upon the same lot, and moving his family into it. By § 2 of that statute it was provided that " such exemption shall continue after the death of such householder, for the ben- efit of the widow and children of the deceased party, some one of them continuing to occupy such homestead, until the young- est child be twenty-one years of age, and until the death of the widow." She therefore was entitled to the estate of homestead

on the death of her husband, and his deed of mortgage, in which she did not join, had no effect upon her estate.

The question then arises, has she lost her estate of homestead, by any act or conveyance of her own, since the death of her husband. It is obvious that her deed of the estate in dower which had been assigned to her did not convey the homestead right. The deed in terms conveys only the right of dower, and the covenants of warranty are only concerning " the premises" conveyed.

But the respondent contends that the operation of the assignment of dower and of the deed are such as to render the assignment of a homestead impracticable, and that they constitute in law a waiver and relinquishment of the homestead right; and, upon careful consideration, we are unable to see how this conclusion can be avoided.

If the petitioner had procured the homestead to which she was entitled to be set off to her upon the death of her husband, she might afterward have claimed her dower. There is nothing inconsistent in the right to both dower and homestead in the same estate. *Monk* v. *Capen,* 5 Allen, 146. But she first petitioned the probate court for an assignment of dower, and under the provisions of the Gen. Sts. *c.* 90, § 5, her dower was assigned, with her consent, in one third of the rents, issues and profits of the whole land, as a tenant in common with the other owners of the estate. This tenancy in common for her life of one third of the rents and profits she afterward conveyed by her deed to the respondent, the mortgagee in possession of all the interest in the land which her husband would convey without her concurrence. He is therefore entitled to one third of the rents and profits of the whole land, and she can do nothing to impair the grant which she has made. By her conveyance, an undivided interest in the land has become no longer subject to the estate of homestead, because her dower as assigned is a tenancy in common not subject to partition, and exempted from partition as an element of its value. The estate of homestead is one of a peculiar nature. It is a provision by the humanity **of the law for** a residence for the owner and his family. **It is to**

be assigned by metes and bounds, and is to be occupied by the party entitled to it. There is no provision, like that in the case of dower, for assigning it in the rents and profits of the land or buildings in which it is to be held and enjoyed. It has been held that it does not exist in an estate in which the owner has only an undivided interest as tenant in common. *Thurston* v. *Maddocks*, 6 Allen, 427. *Silloway* v. *Brown*, 12 Allen, 30. When the assignment of dower, before any homestead was set out, created this peculiar tenancy in common by the act of the tenant in dower, and she afterward conveyed her interest as tenant in common, we think that she had by her own act made it impossible to assign to her any separate part of the estate by metes and bounds as a homestead, and must be held to have intended to relinquish any such claim. She left the occupation of the premises, and the respondent took possession of them, and his estate under his mortgage has become absolute. Whether her abandonment of possession was sufficient in itself to terminate her right, need not therefore be determined.

*Exceptions sustained.*