Jay A. Ball, Jr., Plaintiff-Appellee, *v.* Mary Ann Ball, Defendant-Appellant.

(No. 12879;

Fourth District—April 24, 1975.

Dwight H. Doss, of Monticello, and Kenneth Kinser, of Decatur, for appellant.

Frank H. Byers, of Byers & Hendrian, of Decatur, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant Mary Ann Ball appeals the denial of her post-trial motion, a decree of partition and a decree for sale entered upon approval of the commissioners' report, and the dismissal of her second amended answer and counterclaim. The orders appealed grant partition to plaintiff, Jay A. Ball, Jr., defendant's son, and require distribution of the sale proceeds equally between the parties without setting off defendant's homestead as raised by her pleadings. The undisputed facts raise the sole issue of whether the homestead exemption (Ill. Rev. Stat. 1973, ch. 52, pars. 1—12) may be asserted and set off against the interest of the householder's cotenant in the property to be partitioned. Ill. Rev. Stat. 1973, ch. 106, pars. 44—71.

Plaintiff's father, Jay A. Ball, Sr., and defendant were married in 1955, and acquired the single-family residence in 1957, thereafter holding the property as joint tenants and occupying it as their home. Defendant's husband left the property in September 1972, and has not lived there since that time. In February 1973, defendant's husband conveyed by quitclaim deed his interest in the property to plaintiff, Jay A. Ball, Jr., who filed this partition proceeding in April 1973. Mary Ann Ball has resided continuously in the subject property since 1957. It is undisputed that defendant is entitled to her statutory homestead, that plaintiff had notice of defendant's interest, and that plaintiff has not asserted a similar claim.

Because it is certain that defendant has qualified for homestead, we turn our attention to the language of the Homestead Act relied upon by the trial court:

> "Every householder having a family shall be entitled to an estate of homestead  *  *  * *This section is not applicable as between joint tenants or tenants in common but it is applicable as to any creditors of such persons.*" (Ill. Rev. Stat. 1973, ch. 52, par. 1) (Emphasis added.)

The italicized portion of the above-quoted part of the Homestead Act was added in 1965 as an amendment to the Act (Laws of Illinois (1965), pp. 967, 2979, 2980). Defendant attempts to escape the plain meaning of this language by arguing that it would repeal by implication the language of sections 12 and 20 of the Partition Act (Ill. Rev. Stat. 1973, ch. 106, pars. 55, 63) "recognizing" the rights to assertion and set-off of the homestead estate in partition procedures.

■■ The object of partition is to enable cotenants or coparceners to sever their interests to allow each to take possession of, enjoy and im-

prove his separate estate at his own pleasure. (*Peck v. Peck*, 16 Ill.2d 268, 285, 157 N.E.2d 249.) Partition proceedings are intended to protect, not to enlarge, the homestead estate. (*Wiegand v. Wiegand*, 410 Ill. 533, 538, 539, 103 N.E.2d 137.) In *Wiegand*, the supreme court ruled that defendant would not be allowed to withhold her assent to sale in order to bar partition. This decision was based on the reasoning that defendant's assertion, if upheld, would increase her homestead estate to an exclusive right of possession to the entire premises, as long as assent to sale was withheld. Defendant has cited no authority, nor have we been able to find any, to support the proposition that the Partition Act enlarges or creates, rather than merely severs, property interest. We hold, then, that sections 12 and 20 of the Partition Act provide only procedures for dealing with otherwise valid pre-existing homestead estates during the course of partition proceedings, that these provisions in no way enlarge or independently create any such property interests or exemptions, and that the 1965 amendment to the Homestead Act is neither repugnant to, nor does it repeal or attempt to repeal, by implication or otherwise, the Partition Act. The trial court's ruling was correctly based upon the plain and unambiguous language of the Homestead Act. (*Bovinette v. City of Mascoutah*, 55 Ill.2d 129, 302 N.E.2d 313.) Accordingly, we affirm.

Judgment affirmed.

TRAPP, P. J., and CRAVEN, J., concur.