(No. 50537.—

ORVILLE KENNETH PHILLIPS, Appellee, v. REVA S. PHILLIPS, Appellant.

*Opinion filed December 4, 1978.*

28

UNDERWOOD, J., took no part.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (John E. Fick, of counsel), for appellant.

Monroe, Wilson, Dyar, Houchen, McDonald & Taylor, of Decatur, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Macon County entered in a partition action filed by plaintiff Orville Kenneth Phillips against his wife, defendant Reva S. Phillips. The decree orders partition of the parties' marital home, with the division to be made equally. Defendant had counterclaimed for a setoff of homestead, but the circuit court refused to grant such relief on the basis of a 1965 amendment to the Homestead Act which provides that a homestead exemption may not be asserted by one cotenant against another (1965 Ill. Laws 2979; Ill. Rev. Stat. 1975, ch. 52, par. 1). Defendant also counterclaimed for reimbursement of amounts expended for taxes and maintenance of the marital home, and accordingly sought the admission of evidence that plaintiff had orally agreed to give defendant sole rights to

the home, thereby inducing defendant to pay tax and maintenance bills. The court refused to admit the evidence and denied reimbursement. The appellate court affirmed (56 Ill. App. 3d 276), and we granted defendant's petition for leave to appeal under Supreme Court Rule 315 (65 Ill. 2d R. 315) to resolve an apparent conflict among the appellate districts (see *Rosenbaum v. Rosenbaum* (1st Dist., 2d Div., 1978), 65 Ill. App. 3d 228 (exemption denied); *Chapman v. Richey* (5th Dist. 1978), 63 Ill. App. 3d 650 (exemption allowed); *Anderson v. Anderson* (1st Dist., 3d Div., 1978), 62 Ill. App. 3d 468, and (1st Dist., 3d Div., 1976), 42 Ill. App. 3d 781 (exemption allowed); *Berg v. Berg* (2d Dist. 1977), 45 Ill. App. 3d 422 (exemption denied); *Gottemoller v. Gottemoller* (3d Dist. 1976), 37 Ill. App. 3d 689 (exemption denied); *Ball v. Ball* (4th Dist. 1975), 27 Ill. App. 3d 678 (exemption denied)).

The parties to this action, Orville Kenneth and Reva S. Phillips, were married July 17, 1943. The subject property is the parties' marital home, which is held in joint tenancy. The circuit court decree orders equal division of the property or of the proceeds of its sale, subject only to deductions for the balance due on a mortgage and taxes. No setoff of homestead was allowed defendant, contrary to her contentions, and she assigns this as error. A review of relevant statutes and case law is essential to a determination of the issue raised.

Under the partition statute (Ill. Rev. Stat. 1975, ch. 106, pars. 44 to 71), a cotenant may petition for partition of real property held jointly or in common with other tenants. This right extends to husband and wife where spouses hold property as cotenants. (*Heldt v. Heldt* (1963), 29 Ill. 2d 61, 63.) If the property is not susceptible to division, it may be sold and the proceeds distributed. (Ill. Rev. Stat. 1975, ch. 106, par. 59.) Where a party to the suit is entitled to homestead, the court must first obtain the assent of that party before ordering sale.

(Ill. Rev. Stat. 1975, ch. 106, par. 63.) Under "An Act to revise the law in relation to husband and wife," if a spouse is ousted by the other, he or she is entitled to "another homestead suitable to the condition in life of the family." (Ill. Rev. Stat. 1975, ch. 68, par. 16, current version at Ill. Rev. Stat. 1977, ch. 40, par. 1016.) This provision of the Act "does not place an unconditional ban against partition, but at most requires that the spouse be awarded a monetary equivalent of whatever homestead interest she may possess." (*La Placa v. La Placa* (1955), 5 Ill. 2d 468, 471, citing *Macaulay v. Jones* (1920), 295 Ill. 614.) The value of the homestead exemption, presently $10,000, is determined by reference to section 1 of the Homestead Act (Ill. Rev. Stat. 1975, ch. 52, par. 1).

The present controversy revolves around a 1965 amendment to section 1 of the Homestead Act which provides: "This section is not applicable as between joint tenants or tenants in common but it is applicable as to any creditors of such persons." (Ill. Rev. Stat. 1975, ch. 52, par. 1.) Plaintiff contends, and the circuit court and appellate court here held, that the amendment clearly requires that one cotenant shall not be allowed to assert the exemption against another cotenant, and that this prohibition likewise bars a cotenant from claiming the monetary equivalent of a homestead exemption under section 16 (Ill. Rev. Stat. 1977, ch. 68, par. 16). We agree. We are without the benefit of the legislative history of the amendment, but its language is clear and must be followed. (*Droste v. Kerner* (1966), 34 Ill. 2d 495, 503.) It plainly appears that the legislature intended that the exemption should not be available as between cotenants, and we now hold that this prohibition encompasses the situation presented here in which the exemption is sought to be asserted by one spouse against another in the course of partition proceedings. In taking the property as cotenants, the respective interests of the parties were established. By

the 1965 amendment to the Homestead Act, the legislature has determined that a cotenant may not enlarge his interest by being allowed a setoff of homestead.

We acknowledge, as defendant points out, that we should endeavor to reconcile apparently inconsistent statutes (*People ex rel. Brenza v. Fleetwood* (1952), 413 Ill. 530, 547-48) and that implied repeals are not favored (*Spaulding School District No. 58 v. Waukegan City School District No. 61* (1960), 18 Ill. 2d 351, 356). In attempting to reconcile statutes, however, we will not deviate from the plain meaning of the language used by the legislature. We also do not believe, as argued by defendant, that our holding effects an implied repeal of the homestead laws. We merely hold that the homestead exemption is unavailable as between cotenants even if one is otherwise entitled to the exemption. It is still permissible for an individual, including a cotenant, to assert the exemption in other situations in which the individual against whom the exemption is asserted is someone other than a cotenant of the individual asserting the exemption. The scope of the amendment is limited; it is the particular situation of cotenants with which the legislature was concerned.

We also acknowledge that the statutes and amendments in question were enacted while article IV, section 32, of the Illinois Constitution of 1870 was in effect, and that its provisions directed the legislature to enact liberal homestead laws. Again, however, we cannot deviate from the plain meaning of the language of the amendment. It was the judgment of the legislature that one otherwise entitled to the homestead exemption should not be allowed to assert it if the subject property is held in cotenancy, and we cannot qualify that language to the liking of the defendant.

Because the language of the amendment is clear, we need not resort to rules of construction nor legislative purpose. We note, however, that our holding gives proper

recognition to the apparent purpose of the amendment to simplify cases similar to the one now before us. Prior to the 1965 amendment, the issue of whether a spouse-cotenant is entitled to setoff of homestead in a partition action was frequently litigated (see, *e.g., Heldt v. Heldt* (1963), 29 Ill. 2d 61; *La Placa v. La Placa* (1955), 5 Ill. 2d 468) and "caused the courts considerable difficulty" (Mamer, *Legal Consequences of Joint Ownership*, 1959 U. Ill. L.F. 944, 954). By virtue of the 1965 amendment, courts no longer need to determine which cotenant is the householder entitled to the exemption, whether a cotenant has abandoned the premises, and various other issues which arise in homestead cases and which were once frequently litigated in partition actions such as *Heldt* and *La Placa*.

Defendant's second assignment of error concerns the circuit court's refusal to admit testimony of the defendant that plaintiff had orally offered to give defendant sole ownership rights in the marital home. In other words, defendant sought to prove an offer not to partition. It is alleged that plaintiff's offer to relinquish rights in the home was made because the parties were contemplating divorce and a property settlement would be required.

The purpose of defendant's offer of proof was to show that plaintiff had stated that he would not seek partition and to show that defendant paid tax and maintenance bills in reliance on plaintiff's offer to give defendant exclusive rights in the property. Having allegedly done so, defendant argues that she is entitled to reimbursement.

We express no opinion on the legal basis of defendant's estoppel argument; we simply note that she had not met her burden of proof on the issue of whether she did, in fact, pay the tax and maintenance bills from her own funds. Much of the evidence presented indicates that the parties' financial arrangements were somewhat compli-

cated, that funds of each were sometimes commingled, and that each spouse may well have used the funds of the other. On the basis of this evidence, the circuit court found that defendant had not proved that she paid the bills from her own funds, and therefore refused to admit the evidence offered and to grant defendant's request for reimbursement. Our review of the record does not convince us, nor was the appellate court convinced, that this determination is contrary to the manifest weight of the evidence, and we therefore will not disturb the circuit court's judgment. *Stromsen v. Stromsen* (1947), 397 Ill. 260, 263.

Additionally, we note, as did the appellate court, that the offered testimony was of little probative value on the issue of whether the parties had, in fact, agreed that the property would not be partitioned. Plaintiff's alleged oral statements constituted, at most, an offer not to partition. Defendant did not offer to prove that a binding agreement had been reached by the parties. Any error in refusing to admit the offered testimony was therefore harmless. In any event, defendant's failure to establish that she paid the bills from her own funds is dispositive, and the judgment of the circuit court denying defendant's claim for reimbursement was properly affirmed.

For the foregoing reasons, the judgment of the appellate court affirming the circuit court is affirmed.

*Judgment affirmed.*

MR. JUSTICE UNDERWOOD took no part in the consideration or decision of this case.