(No. 51180

KENNETH CHAPMAN *et al.*, Appellants, v. PATRICIA RICHEY *et al.*, Appellees.

*Opinion filed January 23, 1980.*

Robert L. Douglas, of Robinson, for appellants.

Lawrence Eaton, of Eaton, Eaton, and Tomaw, of Newton, for appellees.

McCarthy, Scheurich, Duffy, Neidhart & Snakard, of Chicago (John M. Duffy and Richard J. Witry, of counsel), for *amici curiae* Arthur Christman and Kathleen Partlow.

Earl L. Vuagniaux, of Edwardsville, for *amici curiae* Alice L. Rhodes and Albert H. Buehnemann.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

The sole issue raised in this appeal is whether defendant Anna Chapman, following renunciation of her husband's will, is entitled to a setoff of homestead in a partition action brought by those who, by virtue of Anna's act of renunciation, had become cotenants with

Anna in the marital home of Anna and her husband. The circuit court of Jasper County denied the claim of homestead, the appellate court reversed, one justice dissenting (63 Ill. App. 3d 650), and we allowed plaintiffs' petition for leave to appeal.

On July 9, 1976, Everett Chapman died testate. One provision of his will specified that his wife, defendant Anna Chapman, was to receive a life estate and that his six children were to receive remainder interests in the 40-acre parcel of property on which Everett and Anna had resided. During his lifetime, Everett had held the property in fee as the sole owner. The children who were to receive remainder interests under the will include plaintiffs Kenneth Chapman, Louise Messenger, Doris Stifle, Macie Hollinger, Donna Biggs, and defendant Patricia Richey.

Everett's wife, Anna, renounced the will and thereby took a one-third interest in the property, and the six children each took one-ninth interests. (See Ill. Rev. Stat. 1975, ch. 3, par. 2—8.) By virtue of her decision to renounce the will, Anna and the children would hold their respective interests as tenants in common.

Plaintiffs, five of the six children, brought suit seeking partition of the property and naming Anna Chapman and Patricia Richey, the remaining child, as defendants. Anna sought a setoff of homestead under the Homestead Act (Ill. Rev. Stat. 1975, ch. 52, par. 1 *et seq.*), but the circuit court refused to grant such relief on the basis of a 1965 amendment to the Act which renders homestead unavailable as between cotenants. The appellate court reversed, and this appeal by plaintiffs followed. We agree with plaintiffs that the circuit court properly denied a setoff of homestead and accordingly reverse the judgment of the appellate court.

The provisions of the Homestead Act here relevant are contained in sections 1 and 2 of the Act. Section 1 provides:

"Every householder having a family shall be entitled to an estate of homestead to the extent in value of $10,000, in the farm or lot of land and buildings thereon owned or rightly possessed by lease or otherwise and occupied by him or her as a residence; and such homestead, and all right and title therein, shall be exempt from attachment, judgment, levy or execution sale for the payment of his debts or other purposes and from the laws of conveyance, descent and devise, except as hereinafter provided or as provided in Section 234 of the Probate Act, as heretofore or hereafter amended. This section is not applicable as between joint tenants or tenants in common but it is applicable as to any creditors of such persons." (Ill. Rev. Stat. 1975, ch. 52, par. 1.)

The last sentence of the section was added by a 1965 amendment and forms the basis of the circuit court's decision to deny a setoff of homestead. Section 2 provides in pertinent part that homestead continues after the householder's death "for the benefit of the husband or wife surviving, so long as he or she continues to occupy such homestead***." (Ill. Rev. Stat. 1975, ch. 52, par. 2.) The appellate court, in holding that Anna Chapman is entitled to a setoff of homestead, relied on section 2 and on that portion of section 1 which provides that homestead is exempt "from the laws of conveyance, descent and devise."

Though reference to isolated provisions of sections 1 and 2 might be interpreted to allow a setoff of homestead to Anna Chapman, as the appellate court held, such a setoff is clearly rendered unavailable by the 1965 amendment to section 1. By renouncing Everett's will, Anna and her six children took the property as tenants in common. Having thus become a cotenant with the children, Anna became subject to the 1965 amendment and thereby lost any claim that she might have had to homestead. In this respect, we disagree with the appellate court's judgment in this case. The appellate court relied on *Anderson v. Anderson*, 62 Ill. App. 3d 468 (1978), and 42 Ill. App. 3d 781 (1976), in reaching its conclusion that Anna

Chapman is entitled to a setoff of homestead. The *Anderson* opinion, however, contains no mention of the 1965 Homestead Act amendment. The failure of the court to there consider the effect of the amendment therefore renders *Anderson* inappropriate for consideration in assessing Anna Chapman's entitlement to homestead.

The appellate court also erred in holding that the 1965 amendment is merely a codification of the law as it existed at the time. This is a concept that we explicitly rejected in *Phillips v. Phillips* (1978), 74 Ill. 2d 27, 33, stating that the amendment was enacted to simplify partition litigation by removing the "need to determine which cotenant is the householder entitled to the exemption, whether a cotenant has abandoned the premises, and various other issues which arise in homestead cases and which were once frequently litigated in partition actions ***." Under the law as amended, the only question that need be answered is whether the claim of homestead is being asserted by one cotenant against another. If the claim is so asserted, a setoff of homestead is unavailable.

The operation of the amendment, as it applies to a partition action between divorcing spouses, was explained in *Phillips*. We there said, "We are without the benefit of the legislative history of the amendment, but its language is clear and must be followed. (*Droste v. Kerner* (1966), 34 Ill. 2d 495, 503.) It plainly appears that the legislature intended that the exemption should not be available as between cotenants, and we now hold that this prohibition encompasses the situation presented here in which the exemption is sought to be asserted by one spouse against another in the course of partition proceedings." (*Phillips v. Phillips* (1978), 74 Ill. 2d 27, 31.) The factual situation in the case now before us differs from that in *Phillips*; involved here is a surviving spouse who, following renunciation of her husband's will, is asserting a claim of homestead against those with whom she had become a cotenant by virtue of her act of renunciation. Under the

1965 amendment, however, the difference is not one which requires a different result. The simple but crucial fact is that Anna Chapman is a cotenant with those against whom she seeks a setoff of homestead. As we said in *Phillips*, "In taking the property as cotenants, the respective interests of the parties were established. By the 1965 amendment to the Homestead Act, the legislature has determined that a cotenant may not enlarge his interest by being allowed a setoff of homestead." (74 Ill. 2d 27, 31-32.) The amendment sweeps broadly and covers all who hold property as cotenants, whether by purchase, as in *Phillips*, or by operation of law, as in the case now before us. The amendment does not draw the distinction that defendant urges, and it will not be read into the plain meaning of the statute.

In seeking to sustain the appellate court judgment allowing her a setoff of homestead, Anna argues that the public policy of this State requires that she be granted such relief. This public policy is said to be evident in various legislative enactments. Specifically, she argues (1) that the legislature's enactment of the Homestead Act evidences the legislature's intention that a widow should not lose the home in which she had lived for 26 years; (2) that the legislature's 1972 abolition of dower (Ill. Rev. Stat. 1975, ch. 3, par. 2–9) and its failure to take similar action with respect to homestead evidences the legislature's intention not to abolish homestead; (3) that the legislature's authorization of a setoff in a partition action (Ill. Rev. Stat. 1975, ch. 106, par. 55) evidences the legislature's concern for proper recognition of homestead; and (4) that the legislature's authorization for setoff of homestead in a sale of real estate during the administration of a decedent's estate (Ill. Rev. Stat. 1975, ch. 3, par. 20–6(d)) evidences the legislature's intention that a surviving spouse be protected by way of a homestead setoff. Inasmuch as the language of the 1965 amendment is plain and unambiguous (*Phillips v. Phillips* (1978), 74 Ill. 2d 27,

31), an inquiry into policy considerations, in an attempt to construe the amendment, is unnecessary. We have nonetheless reviewed these policy-based arguments, and we conclude that these arguments would in no way require us to reach a different conclusion in this case.

The first two arguments advanced exaggerate the effect of the 1965 amendment. As to the first argument, that the amendment may result in a widow's loss of a home, we need merely point out that the amendment does not deny a surviving spouse the right to live in the marital home; the amendment only denies the surviving spouse the right to a setoff of homestead against cotenants. The amendment does not, as plaintiffs point out, effectuate an eviction of Anna Chapman. To the extent that Mrs. Chapman is concerned about losing the right to live on the property, we note that she could have guaranteed herself that right by taking the life estate given to her under her husband's will instead of renouncing the will.

As to the second argument, that we should gain some insight from the legislature's abolition of dower, we need only note that the 1965 amendment to the Homestead Act does not effectuate a complete abolition of homestead, as the argument presumes; it is therefore inappropriate to compare the amendment to the legislature's action in abolishing dower. As we said in *Phillips*, a denial of homestead under the 1965 amendment does not constitute "an implied repeal of the homestead laws. We merely hold that the homestead exemption is unavailable as between cotenants even if one is otherwise entitled to the exemption. It is still permissible for an individual, including a cotenant, to assert the exemption in other situations in which the individual against whom the exemption is asserted is someone other than a cotenant of the individual asserting the exemption. The scope of the amendment is limited; it is the particular situation of cotenants with which the legislatuture was concerned." *Phillips v. Phillips* (1978), 74 Ill. 2d 27, 32.

The third argument, that the availability of homestead in partition actions evidences the legislature's concern for proper recognition of homestead, can be answered by the simple observation that the law to which reference is made, section 12 of the partition statute (Ill. Rev. Stat. 1975, ch. 106, par. 55), allows setoff of homestead only to those "entitled to an estate of homestead." Entitlement to homestead may be defeated where, as here, the person seeking a setoff is a cotenant with the person against whom a setoff is sought. Thus, while the legislature has provided generally for setoffs of homestead in partition actions, it may nonetheless place limitations on those entitled to homestead, as it has done in its 1965 amendment of the Homestead Act.

As to the final argument, concerning the availability of homestead in estate sales, we need only make an observation similar to that made in response to the preceding argument; a setoff of homestead in a sale of real estate during administration of a decedent's estate is proper only so long as homestead is not rendered unavailable by some other law, such as the 1965 amendment denying setoffs between cotenants. The legislature's authorization for setoffs in estate sales therefore does not mean that the legislature cannot provide by other means, as in its amendment of the Homestead Act, that a surviving spouse shall be denied homestead in specific situations.

In sum, we hold that defendant Anna Chapman's claim for setoff of homestead was properly denied by the circuit court. The judgment of the appellate court, reversing the judgment of the circuit court, is accordingly reversed, the judgment of the circuit court is affirmed, and the cause is remanded to the circuit court of Jasper County for further proceedings not inconsistent with the views expressed herein.

*Appellate court reversed;*
*circuit court affirmed;*
*cause remanded.*