ELMHURST-CHICAGO STONE COMPANY, Plaintiff-Appellee, *v.* THE COUNTY OF WILL, Defendant-Appellant.—(Carl B. Bryant *et al.*, Intervening Defendants-Appellants.)

Third District   No. 82—45

Opinion filed October 27, 1982.

Edward Petka, State's Attorney, and Thomas R. Wilson, of Herschbach, Tracy, Johnson, Bertani & Wilson, both of Joliet, for appellants.

James T. Bradley and James D. Grumley, both of Thomas, Wallace, Feehan and Baron, Ltd., of Joliet, for appellee.

JUSTICE ALLOY delivered the opinion of the court:

Plaintiff Elmhurst-Chicago Stone Company brought the instant action to challenge the Will County Zoning Ordinance as applied to certain of its Will County land. The company owned 15 acres of land in Will County and planned to construct and operate a concrete plant and an asphalt plant on the property. The property is in the midst of other property, some of which is owned by Elmhurst-Chicago, and which is zoned for quarrying and blasting. The Will County Board denied the company's request for industrial rezoning which would have permitted the construction and operation of the plants. Thereafter the company filed this declaratory action against the county, seeking a declaration that the zoning ordinance as applied to the company's land in question was null and void. It sought injunctive relief and an order directing the county to permit the proposed industrial uses. After certain nearby landowners were allowed to intervene, the case proceeded to trial before the trial judge, sitting without a jury. Extensive documentation was presented concerning the proposed plants and sites, and numerous witnesses testified during the lengthy trial. At the close of the trial, the court took the matter under advisement. Three days later, the court entered an oral interim order, finding the issues in favor of the plaintiff and against the defendants. At the same time, by oral direction, the court ordered the plaintiff to submit to it a plat showing the location of the two plants, a diagram or map showing the roads that would be used, and the plans and specifications for the two plants. The case was then continued for one month, for the presentation of this further evidence.

At the hearing on the additional evidence, an employee of Elmhurst-Chicago testified and produced the exhibits required by the trial court's previous interim order. The evidence was admitted over the objection of the defendants, who argued that the evidence ought to have been produced earlier and that the trial court could not accept further proof, after close of the case. The court offered defendants a continuance for the purpose of permitting them to challenge the evidence, or for preparing for cross-examination with respect to it, but the court's offers were refused. Thereafter, defendants objections were overruled, and the court admitted the evidence previously requested by it. A written judgment order followed. In the 13-page written judgment order, the trial court carefully set forth its findings and the basis for its decision in the case. After reviewing the salient

facts and the applicable law, the court concluded:

> "*** that the evidence is clear and convincing that the action of the County Board must be found to bear no real or substantial relation to the public health, safety or general welfare, and that such denial was arbitrary, capricious and unreasonable, and that it must be set aside by this Court as a matter of law."

The court in its order also detailed the steps required of all parties with respect to compliance and the construction of the plants. Elmhurst-Chicago was required to apply for and comply with all permit requirements concerning the plants. The court also set forth roadways to be used for construction equipment and materials, and other pertinent details with respect to plant location and road repair. The county was permanently enjoined from attempting to enforce its zoning ordinance to prevent or hinder the proposed use of the property by the plaintiff. From the judgment, the defendants county of Will and the intervenors now appeal.

The issues raised by the defendants focus on the court's action in requiring and permitting further proof into the record (the plat, maps and plant specifications), after the trial had ended and an interim order had been entered. We find no reversible error and affirm. Whether to reopen a case for further proof is a decision resting within the sound discretion of the trial court, as is any decision on the order of proof. The court in *Harper v. Johnson* (1978), 61 Ill. App. 3d 190, 193, 377 N.E.2d 1288, noted:

> " '*** It must be remembered that courts are instituted for the administration of justice, and that the matter of the order of proof and allowing a case to be opened up for taking further evidence rests in the sound judicial discretion of the court ***. [Citations.] Where the cause is tried before the court without a jury, as in the case at bar, greater liberty should be allowed in such matter and such leave should not be refused except for the most cogent reasons.' " (Citing to *People ex rel. Boos v. St. Louis, Iron Mountain & Southern Ry. Co.* (1917), 278 Ill. 25, 28-29.)

It is noted that in the instant case, the trial judge was sitting without a jury. This was also a declaratory and injunctive relief action, involving a question of zoning. At least one court has noted the particular usefulness of such discretionary authority in permitting additional proof in actions for declaratory and injunctive relief. (*Continental Illinois National Bank & Trust Co. v. Village of Park Forest* (1972), 4 Ill. App. 3d 811, 817, 282 N.E.2d 167.) Others have noted the appropriateness of taking additional evidence where the court desires or

needs such evidence in order to adequately and completely frame a decree. (*Fiore v. City of Highland Park* (1966), 76 Ill. App. 2d 62, 76, 221 N.E.2d 323, *appeal after remand* (1968), 93 Ill. App. 2d 24, 235 N.E.2d 23, *cert. denied* (1969), 393 U.S. 1084, 21 L. Ed. 2d 776, 89 S. Ct. 867.) As is evident from the above, whether to reopen proofs for taking of additional evidence is a decision resting within the wide discretion of the trial court.

In attacking the procedure used by the trial court in the instant case, the defendants correctly note that in an action challenging a zoning ordinance or zoning decision, the plaintiff has the burden of producing evidence on the specific uses and improvements proposed. (*Sinclair Pipe Line Co. v. Richton Park* (1960), 19 Ill. 2d 370, 167 N.E.2d 406.) The defendants then further argue that plaintiff herein failed to meet the burden imposed upon it, because it closed its case without introducing evidence as to the "specific matter of the contemplated bituminous asphalt plant and concrete plant." Such argument ignores the record, as produced by the parties even prior to the acceptance of additional proof. There was extensive and very detailed testimony and exhibits presented by plaintiff concerning the plants, their location, their construction, their operation, and their installation. Detailed evidence was heard concerning the size of the plants, their essential components, their exact location, and their operation. Evidence concerning needed roadway alterations for construction and roadway patterns after installation, as well as landscaping plans and related matters, was also presented. Plaintiff Elmhurst-Chicago presented extensive and detailed evidence on the specific uses and improvements it proposed to construct on the property. It did so in the main presentation to the court at the trial. Defendants' unsubstantiated, conclusory assertion to the contrary is not supported. The plaintiff met their burden of proof with respect to the specific uses and improvements planned. The obvious problem the court had with the evidence at the close of proof at trial was not a lack of evidence concerning the improvements and uses, but rather an overabundance of detailed evidence strung throughout the record. Essentially, the additional evidence (plat, map, and specifications) requested by the court afforded it a centralized and condensed version of the data and evidence in a compact, easily manageable form. As such, it was useful to the court in framing its decree and thereby clearly guiding the parties as to future enforcement. The request by the court for the evidence saved it a great deal of time, and made compliance and enforcement considerably more manageable.

We find no abuse of discretion in this action by the trial court on

its own motion. While the more usual case involves a motion by one of the parties to open proof for additional evidence, we find no prohibition against the court ordering such, on its own motion, where a sound basis for the action appears in the record. In *La Salle National Bank v. County of Du Page* (1979), 77 Ill. App. 3d 562, 396 N.E.2d 48, a trial court's action in ordering proofs reopened was held to be within its discretion and not an unfair interference. In the instant case, as noted, the additional documents admitted acted to put in final, condensed documentary form an extensive mass of oral and photographic evidence produced at trial. The court had determined, on the basis of the previous evidence, that the plaintiff was entitled to judgment. The additional evidence had obvious relevance and usefulness to the court's task of framing a decree in the case. We find this to be a proper purpose, and given the duty of the court in framing a decree, we find it had the discretion to require further evidence in order to aid it in the task. We stress, however, our prior conclusion that the plaintiff's evidence was adequate, without the additional evidence, to support the decision and judgment of the court.

We find no abuse of discretion in the trial judge's action in ordering further evidence to be produced by plaintiff, in the circumstances of this case. Relevant to this finding is the lack of any prejudice shown to have been inflicted upon the defendants by the court's action. It is noted that no objection was voiced by defendants at the time of the oral request to plaintiff by the trial court. Defense objections were voiced at the following hearing wherein the further evidence was presented. The defendants argued that had the evidence been presented earlier, they would have been able to use it to cross-examine plaintiff's witnesses. Faced with this objection, the court offered to continue the hearing, to give defendants an opportunity to bring in witnesses for such cross-examination. The offer was refused by the defendants. The court even offered to have any other witnesses, of the defendant's choosing, brought in at plaintiff's expenses, for defense examination. This offer was likewise refused. If the defense wished to attack the evidence presented, or to utilize it to attack the plaintiff's other evidence, the court presented it with the opportunity to do so, prior to the entry of final judgment. The opportunity was declined. Thus, not only was the additional evidence basically a compilation of other evidence presented previously, but the defendants were given an opportunity to meet the "new" evidence. We find no abuse of discretion, and even if there were error, it would be harmless under the circumstances in this case.

We have reviewed the other issues concerning the additional

proof, and find in them no basis for reversal. The record fully supports the trial court's decision striking the zoning ordinance as applied to plaintiff's property, and we find no reversible error in the court's action, on its own motion, in requesting and admitting additional proof, prior to framing the final written decree.

The decision of the circuit court of Will County is affirmed.

Affirmed.

BARRY, P.J., and SCOTT, J., concur.