BANK OF ILLMO, a/k/a First Financial Bank of Scott County, Missouri, Plaintiff-Appellant, v. BOBBY J. SIMMONS, a/k/a Bobby Simmons, *et al.*, Defendants-Appellees.

Fifth District   No. 5—85—0407

Opinion filed April 17, 1986.

William F. Meehan, P.C., of Cairo, for appellant.

Clinton J. Thurston, of Cairo, for appellee Bobby J. Simmons.

JUSTICE KARNS delivered the opinion of the court:

The Bank of Illmo, a Missouri banking corporation, appeals from the judgment of the circuit court of Alexander County ordering the subordination of the bank's deed of trust to defendant Bobby J. Simmons' homestead exemption. The bank contends that the trial court erred in allowing Simmons' claim to a homestead exemption pursuant to the law in effect at the time the claim was made (Ill. Rev. Stat. 1983, ch. 110, par. 12–901) and that the trial court erred in requesting additional evidence from the parties on an issue raised subsequent to the close of Simmons' case in chief. The relevant change in the homestead statute gave every debtor an estate of homestead even though he was not a householder having a family.

On June 4, 1981, Simmons borrowed $46,000 from the bank and executed a six-month demand note. As security for this loan, he executed a deed of trust in the nature of a mortgage on his residence located on 12th Street in Cairo, Illinois. The deed of trust did not contain a waiver or release of his homestead rights. The proceeds of the loan were not used to purchase or improve Simmons' residence, but were used to purchase furnishings for a house located on Walnut

Street in Cairo, Illinois, that he was renovating. At the time, Simmons was not married; however, at trial, he testified that three nonrelated dependents were living with him in June 1981.

On May 3, 1984, the bank commenced this action to foreclose the deed of trust, and on June 5, 1984, a default judgment was entered against Simmons. On June 7, 1984, he petitioned the court to vacate the default judgment and to set aside his homestead estate pursuant to section 12—901 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 12—901). At the trial on April 3, 1985, the only issue before the court was whether he was entitled to a homestead exemption. At the close of Simmons' case, the bank moved for judgment on the ground that he had failed to prove that he was a "householder having a family" within the meaning of the homestead exemption law in effect when the deed of trust was executed (Ill. Rev. Stat. 1979, ch. 52, par. 1). Although maintaining that the current law applied, Simmons made an offer of proof as to his entitlement to a homestead exemption under previous law. The trial court took all matters under advisement, and thereafter, on its own motion, the court reopened the case to permit both parties to present additional evidence relating to the issue of whether Simmons had relinquished his homestead exemption by abandoning the premises for a six- to eight-month period subsequent to executing the deed of trust. On May 17, 1985, Simmons presented additional testimony. The bank objected to reopening the case and elected not to present any additional testimony.

The trial court found that Simmons was entitled to a homestead exemption under the law in effect when the exemption was claimed. The court granted the bank's foreclosure on the deed of trust and ordered that the first $7,500 of the sale price be paid to Simmons in satisfaction of his homestead.

The bank contends that pursuant to the homestead exemption act in effect at the time the deed of trust was executed, Simmons is not entitled to homestead. The bank argues that Simmons was not a "householder having a family" within the meaning of the act. The bank further argues that a retroactive application of the homestead law is inconsistent with the principle of statutory construction uniformly followed in Illinois and that to so apply the law would deprive it of a vested property right pursuant to its contract with Simmons. At the time the deed of trust was executed, the act, in pertinent part, read:

> "Every householder having a family shall be entitled to an estate of homestead of the extent in value of $10,000, in the *** lot of land and buildings thereon owned *** and occupied by

him *** as a residence; and *** all right and title therein, shall be exempt from attachment, judgment, levy or judgment sale for the payment of his *** debts ***." Ill. Rev. Stat. 1979, ch. 52, par. 1.

Simmons contends that pursuant to the homestead exemption statute in effect at the time he claimed the exemption, he is entitled to a homestead exemption. He argues that the amount and conditions of the exemption are controlled by the homestead exemption law in force when the exemption is claimed. (See *Cochran v. Cutler* (1976), 39 Ill. App. 3d 602, 350 N.E.2d 59.) The act as amended in pertinent part reads:

"Amount. Every individual is entitled to an estate of homestead to the extent in value of $7,500, in the *** lot of land and buildings thereon, *** owned *** and occupied by him *** as a residence *** and such homestead, and all right and title therein, is exempt from attachment, judgment, levy, or judgment sale for the payment of his *** debts ***." Ill. Rev. Stat. 1983, ch. 110, par. 12—901.

Prior to January 1982, a person had to "be (1) a householder (2) with a family and (3) occupying the land as a residence" to claim a homestead exemption. (*Chapman v. Richey* (1978), 63 Ill. App. 3d 650, 652, 379 N.E.2d 1334, 1336, *rev'd on other grounds* (1980), 78 Ill. 2d 243, 399 N.E.2d 1277.) Under the law as amended, the only threshold criteria is that the person occupy the land as a residence. Homestead exemptions are now available to every individual, including those without dependents residing with them. There is a marked contrast between the act in effect in June 1981 when the deed of trust was executed and the act as amended which became effective in January 1982, and a determination of the applicability of the respective statutes is critical to Simmons' entitlement to homestead.

■■ Estates of homestead are created by statute, not by common law (*First National Bank & Trust Co. v. Sandifer* (1970), 121 Ill. App. 2d 479, 482, 258 N.E.2d 35, 37) and have been construed liberally by our courts (*Moore v. Flynn* (1890), 135 Ill. 74, 78) since "[t]he statutory provision of an exemption of property from enforcement is a matter affecting the remedy available to a judgment creditor for the collection of his debt." (*State Bank v. Nelson* (1985), 132 Ill. App. 3d 120, 123, 477 N.E.2d 77, 79.) While statutory amendments are presumed to operate prospectively absent clear legislative intent to the contrary, amendments relating only to remedies or procedures are given retroactive application (*In re Marriage of Levy* (1982), 105 Ill. App. 3d 355, 360, 434 N.E.2d 400, 404), and the "court is to apply

the law in effect at the time of the decision, unless to do so results in manifest injustice." (*General Telephone Co. v. Johnson* (1984), 103 Ill. 2d 363, 383, 469 N.E.2d 1067, 1076-77.) Thus, the critical issue is whether application of the current law results in an unjustified impairment of the bank's contract rights. *Sanelli v. Glenview State Bank* (1985), 108 Ill. 2d 1, 19, 483 N.E.2d 226, 234.

■ While the general rule is that the legislature may not impair the obligation of contracts or interfere with vested rights (*Maiter v. Chicago Board of Education* (1980), 82 Ill. 2d 373, 390, 415 N.E.2d 1034, 1042), "[a]ll contracts are made subject to the authority of the State to safeguard the interests of the people" (*Sanelli v. Glenview State Bank* (1985), 108 Ill. 2d 1, 23, 483 N.E.2d 226, 236), and this authority extends to safeguarding economic needs. (*Veix v. Sixth Ward Building & Loan Association* (1940), 310 U.S. 32, 38-39, 84 L. Ed. 1061, 1066, 60 S. Ct. 792, 795; *Sanelli v. Glenview State Bank* (1985), 108 Ill. 2d 1, 23, 483 N.E.2d 226, 236.) The constitutionality of a statute "restricting, or even barring altogether, the performance of duties created by contracts entered into prior to its enactment" (*Exxon Corp. v. Eagerton* (1983), 462 U.S. 176, 190, 76 L. Ed. 2d 497, 510, 103 S. Ct. 2296, 2305; *Sanelli v. Glenview State Bank* (1985), 108 Ill. 2d 1, 20, 483 N.E.2d 226, 234-35) depends upon the reasonableness, necessity and importance of the public purpose to be served. (*United States Trust Co. v. New Jersey* (1977), 431 U.S. 1, 25, 52 L. Ed. 2d 92, 112, 97 S. Ct. 1505, 1519; *Sanelli v. Glenview State Bank* (1985), 108 Ill. 2d 1, 22, 483 N.E.2d 226, 235.) In determining whether such a statute is permissible, it is necessary to balance "the various factors involved, including the public interest to be served" (*Sanelli v. Glenview State Bank* (1985), 108 Ill. 2d 1, 20, 483 N.E.2d 226, 234), and the interest of the bank.

■ ■ The purpose of the homestead exemption is to provide the debtor with the necessary shelter or the means to acquire shelter required for his welfare during difficult economic circumstances (*State Bank of Antioch v. Nelson* (1985), 132 Ill. App. 3d 120, 123, 477 N.E.2d 77, 79), while the interest of the bank is to secure the repayment of an outstanding loan. Although homestead is traditionally described as an estate in land, under modern statutes it is in reality a monetary exemption so long as the value of the property exceeds the amount of the statutory exemption. Homestead exemption statutes are subject to change at any time according to the will of the State (*Petrulionis v. Dudek* (1969), 113 Ill. App. 2d 398, 402, 252 N.E.2d 23, 25), and neither the bank nor Simmons had any vested right to the continuance of a particular statute. While section 12—901 (Ill.

Rev. Stat. 1983, ch. 110, par. 12—901) limits the bank's ability to collect against certain property belonging to debtor, it does not alter the nature of the debt, and the bank is free to seek alternative means of collecting monies owed to it. In view of the purpose of the homestead exemption and the nature of the bank's rights affected, we hold that any impairment of those rights was not manifestly unjustified. To the extent that the recent holding in *Capitol Bank & Trust v. Fascett* (7th Cir. 1985), 771 F.2d 1077, is deemed to be contrary to the position we adopt, we decline to follow it.

■■ ■ The bank's second contention is that the trial court erred in reopening the case on its own motion to receive additional information regarding the abandonment issue. The bank argues that Simmons had ample opportunity to present his case during the first hearing and that the court's action is tantamount to coaxing additional evidence from a party who has failed to present a proper case.

Initially, we note that the trial court requested the submission of additional testimony or evidence from both parties. While the issue of abandonment had been presented in the first hearing, the trial court, after a careful review of the record and applicable law determined that the record was "unclear as to whether or not there was an abandonment of the homestead" and probably would "not support either position without additional proof." Generally, the decision to reopen a case to allow additional evidence rests within the sound discretion of the trial court. (*Elmhurst-Chicago Stone Co. v. County of Will* (1982), 109 Ill. App. 3d 1029, 1031, 441 N.E.2d 880, 881-82.) While motions to reopen are generally made by one of the parties, there is no prohibition against the trial court taking such action, "on its own motion, where a sound basis for the action appears in the record." (109 Ill. App. 3d 1029, 1033, 441 N.E.2d 880, 883.) In the instant case, Simmons was the only witness to testify at the second hearing. The bank was given an opportunity to cross-examine him and to present additional testimony or evidence. The opportunity was declined. We find no abuse of discretion.

■■ The facts of this case support an additional and independent basis for our decision herein. The original loan transaction between the parties was for a six-month demand note with the deed of trust serving as security for the note. The deed of trust stated the terms, duration and due date of the loan. Prior to December 4, 1981, the due date on both the note and the deed of trust, the parties agreed to an extension of the loan for an additional six-month period. Simmons claims to have paid the interest then due. The only physical evidence of the extension is the bank's copy of the original note wherein the

typed due date of "12/4/81" had been crossed out and a new due date of "6/8/82" has been handwritten. Nothing was done to correct the existing deed of trust or to execute and record a new deed of trust evidencing the new contract between the parties. Some time prior to the new due date, the parties agreed to an additional six-month extension. Simmons also claims to have paid the interest due on June 8, 1982. The only physical evidence of this second extension is the same note wherein the "6/8/82" date was crossed out and a third date of "12/2/82" was handwritten. Again, nothing was done to correct the existing deed of trust or to execute and record a new deed of trust evidencing this third contract between the parties. Under this informal practice, Simmons is entitled to the homestead exemption because the final contract between the parties was entered into after the effective date of the amendment. In tacking contract upon contract, it was the bank's responsibility to remain apprised of any change in Illinois law that might alter the parties' respective rights to the homestead estate.

The judgment of the circuit court of Alexander County is affirmed.

Affirmed.

WELCH and HARRISON, JJ., concur.