**In re Gerald J. CUNNINGHAM and Eileen P. Cunningham, Debtors.**

**No. 01–13700–JNF.**

United States Bankruptcy Court, D. Massachusetts.

April 24, 2002.

John Ullian, Leonard Ullian, Braintree, MA, for Debtors.

Steven E. Shamban, Ann Brennan, Braintree, MA, for trustee.

**MEMORANDUM**

JOAN N. FEENEY, Bankruptcy Judge.

## I. INTRODUCTION

The matter before the Court is the Chapter 7 Trustee's Objection to Exemption Claimed in Real Estate. The Debtors filed a Response to the Objection, and the Court heard the matter on February 5, 2002. The issue presented is whether Eileen Cunningham's ownership interest in that portion of residential property in which she does not reside can be claimed as exempt. The Court took the matter under advisement and directed the parties to file briefs. For the reasons stated in *In re Brizida,* 276 B.R. 316 (Bankr.D.Mass. 2002), as well as for the additional reason set forth below, the Court shall enter an order overruling the Trustee's Objection.

## II. FACTS

The Debtors filed a voluntary Chapter 7 petition on May 2, 2002. They are married and living separately. Ms. Cunningham resides at 9 Blackwell Street, Dorchester, Massachusetts, whereas Mr. Cunningham resides in Whitman, Massachusetts. On Schedule A–Real Property, the Debtors listed a 33 1/3% ownership interest in the real property located at 9 Blackwell Street (the "property") with a current market value of $200,000. According to the Debtors' Schedules, the property is unencumbered by mortgages or statutory liens. On Schedule C, the Debtors claimed an exemption under Mass. Gen. Laws Ch. 188, § 1 (West 2001) to the extent of $300,000 with respect to the property.

In his Objection, the Trustee alleged that Eileen Cunningham is the owner of a 2/3 interest in the property, which is a three-family home. The Debtor occupies the second floor; the Debtor's sisters live on the first floor and in apartment on the third floor. According to the Trustee,

The Debtor inherited a 1/2 interest in the Property from her aunt, Rosalyn M. Flaherty ... who died June 22, 1987.

Pursuant to a codicil to Ms. Flaherty's Last Will and Testament, dated March 8, 1984, the Debtor inherited 1/2 of the Property as a joint tenant with her mother Joan F. O'Brien. . . .

The Will and Codicil were approved by the Probate Court on September 22, 1987. . . .

On June 1, 1988, Joan O'Brien transferred her interest in the Property to the Debtor and the Debtor's two sisters as joint tenants. . . .

Trustee's Objection at ¶¶ 5, 6, and 7. In her response, the Debtor admitted that she is the owner of a 2/3 interest, although in her Memorandum she indicated that she is the owner of a 1/3 interest in the property. For purposes of this decision, this inconsistency is not material.

## III. ANALYSIS

The Court adopts and incorporates by reference it decision in *In re Brizida,* 276 B.R. 316 (Bankr.D.Mass.2002). The instant case, however, is distinguishable from *Brizida* in two ways. In *Brizida,* the Debtors owned their three-family home and rented two floors, whereas in the instant case, the Debtor owns a 2/3 interest in the house, and she did not disclose receipt of any rent from her sisters.

In *Thurston v. Maddocks,* 88 Mass. 427, 1863 WL 3435 (1863), the court indicated that the homestead statute in effect at the time did not create a right of homestead in "only a partial ownership and possession in common with others." 88 Mass. 427, 1863 WL 3435 at *3. The court stated the following:

> The words of the statute create a right of homestead "in the farm or lot of land and buildings thereon owned or rightly possessed by him as a residence." It requires a very liberal interpretation to

extend this to land and buildings of which one has only a partial ownership and possession in common with others. If the legislature had intended to include ownership or possession in common, they would have been likely to make provision as to how many tenants in common may have homesteads in the same lot or building; to regulate the relations existing between such tenants while the estate was undivided; and to mention the effects of partition. It is manifest that partition might greatly increase or diminish the value of a homestead estate, or destroy it altogether in some cases. As the right under an existing statute is not created by operation of law, but must either be set forth in the deed of conveyance, or created afterwards by a declaration in writing, signed, sealed, acknowledged and recorded, there will probably be no serious inconvenience arising from a more restricted interpretation, which shall require the person who is about to create a right of homestead to sever his interest from that of co-tenants. *If inconveniences shall arise, they may be remedied by legislation which shall meet all the exigencies of such cases.* The best interpretation which the court are able to give to the statute is, to limit it to cases of sole ownership or possession.

*Id.* (emphasis supplied).

Although the homestead statute in effect in 1863 did not permit tenants in common to exempt a homestead in property, legislation has remedied that restriction. The present statute specifically provides that "[f]or purposes of this chapter, an owner of a home shall include a sole owner, joint tenant, tenant by the entirety or tenant in common; provided, that only one owner may acquire an estate of homestead in any such home for the benefit of his family; and provided further, that an estate of

homestead may be acquired on only one principal residence for the benefit of a family." Mass. Gen. Laws Ch. 188, § 1.

In *Ladd v. Swanson*, 24 Mass.App.Ct. 644, 511 N.E.2d 1112 (1987), the court determined that tenants in common had an absolute right to partition even though one of the tenants had filed a declaration of homestead. The court reasoned as follows:

> We think that, on the basis of the traditional purpose of an estate of homestead and the express language of c. 188, § 1, the defendant cannot rely upon the declaration of homestead to defeat or frustrate the right of her tenants in common to partition the tenancy. An estate of homestead "is a provision by the humanity of the law for a residence for the owner and his family," *Bates v. Bates*, 97 Mass. 392, 395 (1867), free from attachment or levy on execution by creditors up to the amount allowed by law. *See Silloway v. Brown*, 94 Mass. 30, 12 Allen 30, 32 (1866). *Other jurisdictions passing on the issue have concluded that a tenant in common can assert a claim of homestead against creditors but not against cotenants. See, e.g., Best v. Williams*, 260 Ark. 30, 537 S.W.2d 793 (1976); *Tullis v. Tullis*, 342 So.2d 88 (Fla.App.1977); *Gottsch v. Ireland*, 358 P.2d 1097 (Okl.1961). *See also* Ill.Rev. Stat. c. 110, par. 12–901 (1985), which provides that the Illinois Homestead Act "is not applicable between joint tenants or tenants in common but it is applicable as to any creditors of such persons." As noted in *Ball v. Ball*, 27 Ill.App.3d 678, 680, 326 N.E.2d 782 (1975), construing identical language in an earlier statute, if a claim of homestead could be asserted against a cotenant, then the homestead estate would be increased "to an exclusive right of possession to the entire premises as long as assent to sale was withheld."

As an alternative claim, the defendant asserts that, if the plaintiffs are allowed to partition the tenancy, then G.L. c. 188, § 7, requires that her estate of homestead must be set aside and preserved. There is no merit to this contention, as it would effectively nullify what we have held are the rights of tenants in common. *See Atlantic Sav. Bank v. Metropolitan Bank & Trust Co.*, 9 Mass.App.Ct. 286, 400 N.E.2d 1290 (1980), construing the purpose and intent of that provision. *See also Ball v. Ball, supra.*

24 Mass.App.Ct. at 646–47, 511 N.E.2d at 1113–1114 (emphasis supplied). Although expressed as dicta in *Ladd*, the Court concludes that if Massachusetts courts were to determine the issue of whether a joint tenant or co-tenant could claim a homestead in a multi-family dwelling, the courts would rule in favor of debtors claiming the exemption. Accordingly, in view of the express terms of Ch. 188, § 1 and the decision in *Ladd*, the Court finds that Ms. Cunningham is entitled to claim a homestead exemption in the entire premises.

## IV. CONCLUSION

In view of the foregoing, the Court shall enter an order overruling the Trustee's Objection.