SALVATORE MORICONI, Indiv. and as Special Adm'r of the Estate of Sherrie Moriconi, Plaintiffs-Appellants, v. SENTRY INSURANCE OF IL-LINOIS, INC., Defendant-Appellee.

Fourth District No. 4—89—0628

Opinion filed February 1, 1990.

Maurice W. Kepner, of Kepner & Kepner, of Springfield, for appellants.

Walter J. Simhauser, of Heckenkamp, Simhauser & LaBarre, P.C., of Springfield, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On July 7, 1988, plaintiff Salvatore Moriconi, proceeding individually and as special administrator of the estate of Sherrie Moriconi, brought suit in the circuit court of Sangamon County against Sentry Insurance of Illinois, Inc. (Sentry), and Richard Miller, special administrator of the estate of his stepdaughter Rebecca Mecasky. Plaintiff sought a declaratory judgment determining his rights, individually and as administrator, for recovery under an underinsured motorist (UIM) provision of an automobile insurance policy issued to him by Sentry. On July 14, 1989, the circuit court entered a summary judgment in favor of Sentry and found that no just reason existed to delay enforcement or appeal. Plaintiff has appealed. We affirm.

The complaint alleged (1) plaintiff, his decedent who was his wife, and Mecasky were riding in his automobile, insured by Sentry,

when, on August 9, 1986, the vehicle collided with an automobile driven by Michael R. Kelly; (2) plaintiff's decedent, Mecasky, and Paul Butler, a passenger in Kelly's vehicle, were killed in the collision and plaintiff was injured; (3) Kelly's vehicle was insured by a policy of insurance covering liability and having limits of $100,000 for each person and $300,000 for each accident; (4) at the time plaintiff obtained the policy of insurance covering the operation of his automobile, agents of Sentry failed to comply with the requirements of section 143a—2 of the Illinois Insurance Code (Code) (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2) concerning advising persons applying for automobile insurance of their option to purchase UIM coverage; and (5) plaintiff, Miller, and the administrator of the estate of Paul Butler had reached an agreement with Kelly's liability carrier for money in an amount equalling Kelly's policy limits paid by that insurer in the following sums: (a) to Butler's special administrator, $30,000; (b) to Mecasky's special administrator, $70,000; and (c) to plaintiff, $200,000 to be split equally between himself and the estate for which he was special administrator.

The parties do not dispute that pursuant to the precedent of *Fuoss v. Auto Owners (Mutual) Insurance Co.* (1986), 148 Ill. App. 3d 526, 499 N.E.2d 539, *aff'd* (1987), 118 Ill. 2d 430, 516 N.E.2d 268, if Sentry had failed to advise plaintiff of his option to purchase UIM coverage as required by section 143a—2 of the Code, the Sentry policy covering plaintiff's vehicle will be implied to provide UIM coverage in the same amount as the liability coverage. That coverage was in the limit of $300,000, regardless of the number of persons to which liability might exist. Summary judgment was granted Sentry on the basis that even if plaintiff could prove the failure of Sentry to advise of these options, plaintiff had no right of recovery against Sentry under the circumstances shown by the undisputed facts before the circuit court when entering summary judgment.

The dispute here centers upon the meaning, as applied to the undisputed facts, of the portion of section 143a—2(3) of the Code, which states:

> "For the purpose of this Act the term 'underinsured motor vehicle' means a motor vehicle whose ownership, maintenance or use has resulted in bodily injury or death *** and *for which the sum of the limits of liability* under all bodily injury liability insurance policies *** is less than the limits for underinsured coverage provided the insured as defined in the policy at the time of the accident." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(3).)

Sentry points out that the implied limits of UIM coverage on the policy it issued to plaintiff were $300,000. Sentry maintains that because of the $100,000/$300,000 limits of the liability policy covering the Kelly car, "the sum of the limits of liability under all liability insurance policies" covering that car was also in the sum of $300,000. Accordingly, Sentry asserts the Kelly automobile, which was the only other vehicle causing damage to plaintiff or his decedent, was not an "underinsured motor vehicle" and the implied UIM provision of its policy covering the plaintiff's automobile is not applicable. This was the rationale of the circuit court's decision. We agree with that reasoning.

Plaintiff makes two principal arguments in opposition to the interpretation of Sentry and the circuit court. Plaintiff's first argument is based upon the fact that because of the settlement alleged in the complaint, $30,000 of the $300,000 paid by Kelly's insurer was paid to the estate of Paul Butler, who was a passenger in the Kelly vehicle. Thus, only $270,000 of the liability coverage of the Kelly policy was available to the estates of the decedents in plaintiff's vehicle and to plaintiff, all of whom would be covered by the implied UIM provision of Sentry's policy. Plaintiff would construe section 143a—2(3) to make the Kelly vehicle underinsured to the extent of $30,000 under these circumstances. Second, plaintiff contends that the policy limits of $100,000 per person on the Kelly vehicle make the limits of that policy less than the implied limits of the Sentry policy, because in the Sentry policy, one or two persons can recover more than $100,000 as long as the total recovery does not exceed $300,000.

Plaintiff's first contention is based upon further provisions of section 143a—2(3) of the Code, which state:

> "The *limits of liability for an insurer* providing underinsured motorist coverage shall be the limits of such coverage, *less those amounts actually recovered* under the applicable bodily injury insurance policies *** maintained on the underinsured motor vehicle." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(3).)

Plaintiff asserts this provision makes section 143a—2(3) at least ambiguous on the question of whether an alleged tort-feasor's vehicle is underinsured when its use causes injury or death to persons in another vehicle, and the portion of its liability limits available to the persons covered by the UIM policy of the other vehicle are less than the UIM limits of the policy covering that other vehicle.

■ Assuming the aforementioned ambiguity, plaintiff then argues that (1) the Code should be construed to effectuate its intent (Ill.

Rev. Stat. 1985, ch. 1, par. 1001); and (2) a purpose of section 143a—2 of the Code is, in part, to assure that a motorist injured by an UIM gets as much protection as a motorist injured by an uninsured motorist, citing *Kahn v. Aetna Casualty & Surety Co.* (1989), 186 Ill. App. 3d 803, 542 N.E.2d 878, and *Zurich v. Country Mutual Insurance Co.* (1978), 65 Ill. App. 3d 608, 382 N.E.2d 131. The difficulty with this theory of plaintiff's is that section 143a—2(3) is not ambiguous. The provision of that section cited by Sentry concerns the question of whether the alleged tort-feasor's vehicle is underinsured. That portion makes clear that question is determined by comparing the limits of the alleged tort-feasor's liability and the UIM limits of the other vehicle. The provision of section 143a—2(3), cited by plaintiff, concerns the limits upon the amounts the insurer providing UIM coverage is required to pay, *if the alleged tort-feasor's vehicle is underinsured.*

In *Price v. State Farm Mutual Automobile Insurance Co.* (1983), 116 Ill. App. 3d 463, 452 N.E.2d 49, as here, portions of the limits of the liability policy of an alleged tort-feasor driver were exhausted settling with persons other than those covered by the UIM provision of a policy covering a vehicle involved in a collision with the alleged tort-feasor. The *Price* court noted that under the present section 143a—2(3) of the Code, the fact that the remaining sum available under the alleged tort-feasor's policy was less than the limits of the UIM provision involved did not make the tort-feasor's vehicle an UIM vehicle.

To properly describe plaintiff's other main contention, we must again refer to the portion of section 143a—2(3) of the Code, which states that an UIM vehicle is one the use of which has caused bodily injury or death to persons in another vehicle when the *"sum of the limits of* liability under all bodily injury liability *insurance policies* *** *applicable* to the [first vehicle] is less than the limits" of UIM coverage of the second vehicle. (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(3).) Plaintiff maintains the phrase "sum of the limits" has reference only to a situation where more than one liability policy covers the vehicle driven by an alleged tort-feasor. Plaintiff contends those words have no reference to the situation where the vehicle insured by Sentry has UIM limits of $100,00 per person, but a total limit of $300,000. If the phrase "sum of the limits" is applicable to a situation where the UIM coverage involved arises from only one policy and refers to the maximum coverage arising from one occurrence, the sum of the limits of the Kelly liability policy is $300,000, which is the same as that of the implied limits of

the Sentry UIM provision.

No case has been called to our attention which decides whether the phrase "sum of the limits" refers only to situations where the alleged tort-feasor has more than one liability policy. Logic indicates that it does not. The clear intent of section 143a—2(3) is to deem a vehicle to be underinsured only when the total sums available to cover liability of the tort-feasor driver are less than the limits of the UIM policy. Any theory of comparing other aspects of the alleged tort-feasor's liability policy or policies and that of the UIM provisions of the policy covering the injured parties would create substantial uncertainty.

Plaintiff notes that the definition of an underinsured motor vehicle, which would have been attached to plaintiff's policy had it contained UIM coverage, differed from the statute. That definition states:

> "An Underinsured Motor Vehicle is a Motor Vehicle with liability protection afforded by liability insurance policies or bodily injury liability bonds with limits the sum of which are less than the limits provided by this endorsement."

Plaintiff maintains this language could bring about a different result. We need not decide whether a policy definition *more favorable to an insured* than the statutory definition in an insurance policy can control. We agree with Sentry that the foregoing definition varies materially from that of the statute.

We hold the circuit court properly granted summary judgment to Sentry. We affirm that judgment.

Affirmed.

LUND and SPITZ, JJ., concur.