JOSEPH T. MARROQUIN, SR., Plaintiff-Appellant, v. AUTO-OWNERS IN-
SURANCE COMPANY, Defendant-Appellee.

Third District   No. 3—92—0690

Opinion filed May 24, 1993.

Anthony C. Raccuglia & Associates, of Peru (Louis L. Bertrand, of counsel), for appellant.

Johnson, Martin, Russell, English, Scoma & Beneke, of Princeton (Daniel K. Russell, of counsel), for appellee.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The plaintiff, Joseph T. Marroquin, Sr., filed a complaint for a declaratory judgment against the defendant, Auto-Owners Insurance Company. The court entered an order granting the defendant's motion for judgment on the pleadings. The plaintiff appeals from this order.

The sole issue raised by the plaintiff on appeal is whether the trial court erred in concluding that the plaintiff was not entitled to recover under his underinsured motorist coverage with the defendant. We affirm.

On August 13, 1991, the plaintiff was working as a flagman at a road construction site when he was struck by a car driven by Mabel

Haas. Haas' automobile liability insurance policy had a bodily injury coverage limit of $100,000 per person. The plaintiff settled with Haas' insurer for the policy limits.

The plaintiff had purchased a policy of automobile insurance from the defendant which included underinsured motorist coverage in the amount of $50,000. The plaintiff filed a declaratory judgment action against the defendant. He sought a declaration that he was entitled to payment of $50,000 based upon his underinsured motorist coverage. The parties stipulated that the plaintiff's actual compensatory damages exceeded $150,000.

The defendant filed a motion for judgment on the pleadings. The defendant noted it was undisputed that Haas' policy limits were greater than plaintiff's underinsured motorist coverage limits. As a consequence, the defendant argued the plaintiff was not entitled to any recovery based upon the language of the policy and based upon section 143a–2 of the Illinois Insurance Code (Code) (Ill. Rev. Stat. 1991, ch. 73, par. 755a–2). The trial court agreed and granted the defendant's motion. We agree with the defendant's analysis and the trial court's ruling.

On appeal, the plaintiff relies on *Hoglund v. State Farm Mutual Automobile Insurance Co.* (1992), 148 Ill. 2d 272, 592 N.E.2d 1031, and argues the trial court erred in ruling he was not entitled to any recovery under his underinsured motorist coverage. We conclude that *Hoglund* is distinguishable on its facts and does not apply to this case.

In *Hoglund*, the court decided two consolidated cases. In both cases, the plaintiffs were passengers in uninsured motor vehicles. The uninsured vehicle in which each plaintiff was riding collided with another vehicle. In each case, the drivers of both vehicles were at fault. Each plaintiff claimed total damages in excess of $200,000. Each plaintiff recovered $100,000 from the insurance company of the driver of the other vehicle. Both plaintiffs then sought uninsured motorist benefits for the excess damages under their own policies. *Hoglund*, 148 Ill. 2d at 274, 592 N.E.2d at 1032-33.

Our supreme court held that the plaintiffs were entitled to recover uninsured motorist benefits. The court found the setoff provision in the insurance policies at issue was ambiguous when viewed in the light of the extrinsic evidence. (*Hoglund*, 148 Ill. 2d at 280, 592 N.E.2d at 1034-35.) The court concluded that the insurance companies could not set off the payment from the *insured* motorist's coverage against the *uninsured* motorist coverage. Since both plaintiffs were injured by uninsured motorists, the *Hoglund* court determined that to deny coverage would be against public policy because "the insured

would be denied the very insurance protection against *uninsured* motorists for which he had paid premiums." (Emphasis added.) (*Hoglund*, 148 Ill. 2d at 280, 592 N.E.2d at 1035.) The court finally stated:

> "We conclude that [the insurer], under its policy provision and under the statute, is entitled to a setoff for uninsured motorist coverage only to the extent necessary to prevent a double recovery." *Hoglund*, 148 Ill. 2d at 280-81, 592 N.E.2d at 1035.

Based upon *Hoglund*, the plaintiff argues he should be entitled to recover because the trial court's ruling denied him the economic value of the premium he paid for his coverage. The plaintiff also argues that the language in the policy is ambiguous when it is considered "in conjunction with the extrinsic facts and extraneous evidence." The plaintiff finally contends that he should not be denied recovery because an award under his policy would not result in a windfall or double recovery.

The plaintiff has made a valiant argument based upon the language of *Hoglund*. The fact is, however, that the plaintiff's situation here is entirely different from that of the plaintiffs in *Hoglund*. The plaintiffs in *Hoglund* sought recovery under their *uninsured* motorist coverage. Equally important, the latent ambiguity found by the *Hoglund* court was based upon the fact there were two tortfeasors involved, one insured and one uninsured, a situation not squarely addressed by the setoff provisions of the Code related to uninsured motorist coverage (Ill. Rev. Stat. 1991, ch. 73, par. 755a(4)) or the setoff provisions of the plaintiffs' insurance policies. *Cf. Gibbs v. Madison Mutual Insurance Co.* (1993), 242 Ill. App. 3d 147, 156-57, 610 N.E.2d 143, 150 (latent ambiguity found where there were two tortfeasors, one insured and one underinsured).

In contrast to *Hoglund*, the plaintiff here is attempting to recover under his *underinsured* motorist coverage. The language in the applicable statute and the language in the policy of insurance issued to the plaintiff squarely address the plaintiff's situation. There is no ambiguity in the applicable statute or in the language of the insurance policy. It has recently been noted that *Hoglund* cannot be "properly interpreted to stand for the proposition that the payment of a premium will in all cases create in the insured a reasonable expectation that he will receive the full amount of coverage stated in the policy despite clear policy language providing for setoffs and prohibiting stacking." *Obenland v. Economy Fire & Casualty Co.* (1992), 234 Ill. App. 3d 99, 111, 599 N.E.2d 999, 1006.

The plaintiff's insurance policy provided that the defendant's liability was limited to the amount by which the limits of the underinsured motorist coverage *exceeds* the total limits of all bodily injury insurance policies applicable to the person or persons responsible for the damages. Also, section 143a—2 of the Code provides, in pertinent part:

> " '[U]nderinsured motor vehicle' means a motor vehicle whose ownership, maintenance or use has resulted in bodily injury or death of the insured \*\*\* for which the sum of the limits of liability under all bodily injury liability insurance policies \*\*\* is *less* than the limits for underinsured coverage provided the insured as defined in the policy at the time of the accident. The limits of liability for an insurer providing underinsured motorist coverage shall be the limits of such coverage, less those amounts actually recovered under the applicable bodily injury insurance policies." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 73, par. 755a—2(4).

The insurance policy and the statute clearly state that underinsured motorist coverage only applies when the amount of the coverage exceeds the limits of liability under all applicable bodily injury liability insurance policies. Therefore, under the statute, there can be no underinsured motorist coverage "if the insured recovers under a bodily injury liability insurance policy in an amount equal to or greater than the stated underinsured policy limit." *Chester v. State Farm Mutual Automobile Insurance Co.* (1992), 227 Ill. App. 3d 320, 327, 591 N.E.2d 488, 493.

" 'Underinsured motorist coverage' comes into play only if the offending motorist is 'underinsured' as that term is used in the Insurance Code." (Emphasis omitted.) (*Shefner v. Illinois Farmers Insurance Co.* (1993), 243 Ill. App. 3d 683, 691.) Underinsured motorist coverage is intended only to assure compensation for an insured's injuries in an amount equal to his policy limit for the coverage. (*Sulser v. Country Mutual Insurance Co.* (1992), 147 Ill. 2d 548, 556, 591 N.E.2d 427, 430.) It is "not intended to allow the insured to recover amounts from the insurer over and above the coverage provided by the underinsured motorist policy." (*Sulser*, 147 Ill. 2d at 556, 591 N.E.2d at 430.) Any benefit due under the terms of an underinsured motorist policy is reduced dollar for dollar by the amount recovered from the tortfeasor. *Sulser*, 147 Ill. 2d at 557, 591 N.E.2d at 430.

Here, there is no dispute that the amount the plaintiff recovered from Haas' insurance company exceeded the limits of the plaintiff's underinsured motorist coverage. Under these circumstances, the

plaintiff was not entitled to recover based upon the clear language of his insurance policy, section 143a—2 of the Code and the relevant case law.

For the reasons indicated, the judgment of the circuit court of Bureau County is affirmed.

Affirmed.

STOUDER and LYTTON, JJ., concur.