GORDON W. STEELE, Plaintiff-Appellant, v. STATE FARM INSURANCE COMPANIES *et al.*, Defendants-Appellees.

Third District   No. 3—93—0409

Opinion filed December 3, 1993.

Laird M. Ozmon and James P. Stevenson, both of Laird M. Ozmon, Ltd., of Joliet (Douglas J. Simpson, of counsel), for appellant.

D. Kendall Griffith and Peter C. Morse, both of Hinshaw & Culbertson (Kristin E. Hutson, of counsel), and Taylor, Miller, Sprowl, Hoffnagle & Merletti (Roger LeRoy, of counsel), both of Chicago, for appellees.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Gordon W. Steele, brought a declaratory judgment action against his own insurance companies, State Farm and Hartford, to force them to provide coverage to him under the underinsured motorist provisions of the policies he had with them. The trial court granted summary judgment in favor of the defendants. We hold that the underinsured motorist provisions may not be stacked in order to provide the plaintiff relief. Thus, we affirm.

The plaintiff purchased and paid the premiums on three policies of automobile insurance. The policy with Hartford provided underinsured motorist protection of $100,000. The other two policies were with State Farm and provided underinsured motorist coverage of $50,000 each. In October 1991, the plaintiff was involved in a motor vehicle accident which caused severe injuries. The plaintiff collected the limits of the other driv-

er's insurance, $100,000, then sought to collect from the defendants pursuant to the underinsured motorist provisions of the policies.

The sole issue on appeal is whether the plaintiff is entitled to coverage under the underinsured motorist provisions of the policies in question.

Section 143a—2 of the Illinois Insurance Code (215 ILCS 5/143a—2 (West 1992)) provides that "the term 'underinsured motor vehicle' means a motor vehicle *** for which the sum of the limits of liability under all bodily injury liability insurance policies *** is less than the limits for underinsured insurance coverage provided *** in the policy." Underinsured motorist provisions do not become applicable unless the limits of the tortfeasor's insurance are lower than the limits of the injured person's insurance. *Marroquin v. Auto-Owners Insurance Co.* (1993), 245 Ill. App. 3d 604, 614 N.E.2d 528.

In the case at bar, the tortfeasor's insurance limits were $100,000. The plaintiff's limits were $100,000; $50,000; and $50,000. At first glance, it appears that the plaintiff may not recover because the tortfeasor's limits are equal to his own. However, the plaintiff argues that he should be allowed to "stack" his underinsured motorist provisions, leaving him with $200,000 in protection as opposed to the tortfeasor's $100,000 and allowing him to collect another $100,000 from the defendants. After carefully analyzing the statute in question, we find we cannot agree with the plaintiff.

The statute clearly contemplates that there will be more than one policy of insurance covering the tortfeasor when it provides that the "sum of the limits of liability under *all* bodily injury liability insurance *policies*" (emphasis added) must be used in the determination of whether the vehicle is underinsured. However, the other half of the comparison is "the limits for underinsured coverage *** in the *policy*" (emphasis added). (215 ILCS 5/143a—2(4) (West 1992).) Use of the singular "policy" clearly contemplates the existence of only one policy providing insurance for the injured party. Therefore, we hold that the plaintiff may not stack his underinsured motorist coverage.

Because the other driver does not meet the statutory definition of an underinsured motorist, the plaintiff is not entitled to payment under that provision of his policies. Thus, the trial court did not err in granting summary judgment to the defendants.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

LYTTON and SLATER, JJ., concur.