L.C. GOLLADAY, JR., Indiv. and as Adm'r of the Estates of Gwendolyn L. Golladay, Deceased, and Baby Doe Golladay, Deceased, and as Guardian of Eric Golladay, a Minor, Plaintiff-Appellant, v. ALLIED AMERICAN INSURANCE COMPANY, Defendant-Appellee.

First District (4th Division)    No. 1—94—0251

Opinion filed February 23, 1995.

George Panos, of Palos Park, for appellant.

Moss Hillison Mordini, of Chicago (Gregory R. Spelson, of counsel), for appellee.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

Plaintiff, L.C. Golladay, Jr., proceeding individually, as administrator of the estates of Gwendolyn L. Golladay and Baby Doe Golladay, both deceased, and as guardian of Eric Golladay, a minor, filed the instant action in the circuit court of Cook County against Allied American Insurance Company (Allied) seeking a declaration of rights under the underinsured motorist (UIM) provision of a policy of automobile insurance. The trial court granted Allied's motion for judgment on the pleadings and denied plaintiff's cross-motion for judgment on the pleadings. Plaintiff appeals, and for the reasons which follow, we affirm.

The facts relevant to the disposition of this appeal are not in dispute. On July 30, 1992, Gwendolyn Golladay was operating a motor vehicle northbound on Harlem Avenue in Oak Park, Illinois. At the time, she was pregnant with Baby Doe Golladay. Eric Golladay, the minor son of plaintiff and Gwendolyn Golladay, was a passenger in the vehicle. Gabriel Bucio, operating a motor vehicle southbound on Harlem Avenue, crossed over the center line, struck the Golladay vehicle, and then struck a vehicle operated by Sue Horne Camp. Gwendolyn Golladay and Baby Doe Golladay died as a result of the collision, and Eric Golladay and Camp sustained bodily injuries.

At the time of the collision, Bucio was covered under a policy of insurance with limits of liability for bodily injury of $20,000 per person and $40,000 per occurrence. The Golladay vehicle was insured by Allied under a policy issued to plaintiff which provided, among other things, UIM coverage with liability limits of $20,000 per person and $40,000 per occurrence.

Plaintiff's tort claims against Bucio were settled for $30,000 and Camp's tort claim was settled for $10,000. Plaintiff made a demand

for payment under his UIM coverage, which Allied refused. Thereafter, plaintiff filed the instant action seeking a declaration of rights under the UIM coverage contained in his policy with Allied.

In granting Allied's motion for judgment on the pleadings, the trial court found that Bucio was not an underinsured motorist and that, as a consequence, plaintiff had no right of recovery under the UIM coverage in Allied's policy. Citing to section 143a—2 of the Illinois Insurance Code (215 ILCS 5/143a—2 (West 1992)), and to this court's decision in *Price v. State Farm Mutual Automobile Insurance Co.* (1983), 116 Ill. App. 3d 463, 452 N.E.2d 49, the trial court reasoned that since the limits of coverage for bodily injury under Bucio's liability insurance were equal to those under the UIM provisions in plaintiff's policy with Allied, Bucio was not an underinsured motorist. In urging reversal, plaintiff also cites to section 143a—2, and argues that (1) the amount actually recovered from an insured tortfeasor determines his status as an underinsured motorist; and (2) the amount recoverable by an injured party under any UIM coverage is established by the difference between the amount actually recovered from the tortfeasor's policy and the stated limits of the UIM coverage. Applied to this case, plaintiff contends that since he was only able to recover $30,000 from Bucio's liability carrier as a consequence of the $10,000 paid to Camp, Bucio was an underinsured motorist; thus, plaintiff is entitled to recover the difference between his actual recovery of $30,000, and the $40,000 stated limit of UIM coverage in Allied's policy.

■ Section 143a—2(4) of the Illinois Insurance Code provides in pertinent part as follows:

> "For the purpose of this Code the term 'underinsured motor vehicle' means a motor vehicle whose ownership, maintenance or use has resulted in bodily injury or death of the insured, as defined in the policy, and for which the sum of the limits of liability under all bodily injury liability insurance policies *** required to be maintained under Illinois law applicable to the driver or to the person or organization legally responsible for such vehicle and applicable to the vehicle, is less than the limits for underinsured coverage provided the insured as defined in the policy at the time of the accident. The limits of liability for an insurer providing underinsured motorist coverage shall be the limits of such coverage, less those amounts actually recovered under the applicable bodily injury insurance policies *** maintained on the underinsured motor vehicle." 215 ILCS 5/143a—2(4) (West 1992).

We agree with the trial court's interpretation of this statute. The determination of whether a tortfeasor's vehicle is underinsured is made by comparing the limits of liability insurance for bodily injury

applicable to that vehicle with the limits of the injured person's UIM coverage. (*Steele v. State Farm Insurance Cos.* (1993), 252 Ill. App. 3d 776, 624 N.E.2d 427; *Moriconi v. Sentry Insurance of Illinois, Inc.* (1990), 193 Ill. App. 3d 904, 550 N.E.2d 637.) It is only when the tortfeasor's coverage limits are less than the injured party's UIM coverage that the tortfeasor's vehicle meets the statutory definition of an "underinsured motor vehicle." (*Steele,* 252 Ill. App. 3d at 777; *Marroquin v. Auto-Owners Insurance Co.* (1993), 245 Ill. App. 3d 406, 614 N.E.2d 528.) UIM coverage "comes into play only if the offending motorist is 'underinsured' as that term is used in the Insurance Code." (Emphasis omitted.) *Shefner v. Illinois Farmers Insurance Co.* (1993), 243 Ill. App. 3d 683, 691, 611 N.E.2d 626; see also *Marroquin,* 245 Ill. App. 3d at 409.

■ In this case, there is no dispute that at the time of the collision, Bucio's vehicle was covered under a policy with liability limits not less than, but equal to, plaintiff's UIM coverage. Consequently, since Bucio's vehicle does not meet the statutory definition of an "underinsured motor vehicle," plaintiff is not entitled to payment under the UIM provisions of his policy with Allied. (*Steele,* 252 Ill. App. 3d at 777.) The fact that, after the $10,000 payment to Camp, the remaining sums available to plaintiff under Bucio's policy were less than the limits of the UIM coverage in plaintiff's policy with Allied does not render Bucio's vehicle underinsured. *Moriconi,* 193 Ill. App. 3d at 908.

In support of his argument that Bucio's vehicle was underinsured, plaintiff relies upon the portion of section 143a—2(4) which states that the limit of liability for an insurer providing UIM coverage is the difference between the limits of that coverage and the amounts actually recovered under the insurance policies maintained on an underinsured vehicle. This argument is misplaced. The limit of liability provision in the second sentence of section 143a—2(4) is determinative of the amount the UIM insurer is required to pay under its policy if the tortfeasor's vehicle is in fact underinsured; it is not determinative of the status of the tortfeasor's vehicle as underinsured. Whether a vehicle is underinsured is determined solely by application of the first sentence of section 143a—2(4). (*Moriconi,* 193 Ill. App. 3d at 908.) Additionally, the cases cited by plaintiff in support of his position on appeal are readily distinguishable from this case. In those cases, the court either found that the tortfeasor's vehicle was "underinsured" as defined in the first sentence of section 143a—2(4) (see *Rutter v. Horace Mann Insurance Co.* (1989), 190 Ill. App. 3d 467, 545 N.E.2d 1381), or that there was no issue as to the status of the tortfeasor's vehicle as underinsured. See *Banes v. Western States In-*

*surance Co.* (1993), 247 Ill. App. 3d 480, 616 N.E.2d 1021; *Chester v. State Farm Mutual Automobile Insurance Co.* (1992), 227 Ill. App. 3d 320, 591 N.E.2d 488.

Plaintiff, arguing the public policy considerations behind the enactment of the underinsured motorist provisions of the Illinois Insurance Code, invites this court to adopt his interpretation of section 143a—2(4) and to reject the holding in *Moriconi* (193 Ill. App. 3d 904, 550 N.E.2d 637). We cannot. An inquiry into public policy in an attempt to construe a statute is unnecessary where the statutory language is clear and unambiguous. (*Chapman v. Richey* (1980), 78 Ill. 2d 243, 399 N.E.2d 1277.) Where, as here, the language of a statute is clear and unambiguous, there is no occasion for judicial construction; the only proper function of a court is to enforce the law as enacted by the legislature according to the plain meaning of the words used. *County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 485 N.E.2d 1076.

Affirmed.

CAHILL and S. O'BRIEN, JJ., concur.