MICHAEL LEMNA, Plaintiff-Appellee and Counterdefendant-Appellee, v. UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant-Appellant and Counterplaintiff-Appellant.

Third District    No. 3—94—0647

Opinion filed June 30, 1995.

LYTTON, J., dissenting.

Esther Joy Schwartz, James Scott McMahon, and Donald Stellato, all of Stellato & Schwartz, Ltd., of Chicago, for appellant.

William K. Brown, of Goldfine & Bowles, P.C., of Peoria, for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Defendant, United Services Automobile Association, a reciprocal interinsurance exchange (USAA), appeals from a judgment issued by the circuit court of Peoria County, granting plaintiff Michael Lemna's motion for partial summary judgment. We reverse.

On May 6, 1992, plaintiff was involved in an automobile collision with a vehicle driven by Catherine Watson. Ms. Watson was insured through State Farm Insurance Company (State Farm). The State Farm policy has bodily injury limits of $25,000 per person. Plaintiff has made demands for the policy limit; however, State Farm has refused to tender any amount and the claim is currently in litigation.

Plaintiff was a covered "insured" under an automobile liability policy issued by the defendant to plaintiff's father. Consequently, despite not receiving any benefits under the State Farm policy, on August 20, 1992, plaintiff made an underinsured motorist claim against USAA. USAA has refused to pay any underinsurance benefits under its policy. USAA has also refused to arbitrate the matter prior to plaintiff receiving benefits under the State Farm policy.

USAA's policy provides:

"INSURING AGREEMENT

\* \* \*

B. Underinsured Motorist Coverage. We will pay compensatory damages which a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of BI sustained by a covered person and caused by an accident.

\* \* \*

We will pay only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgements or settlements unless we have been given written notice of a tentative settlement and decide to advance payment to the covered person in an amount equal to that settlement or we and a covered person have reached a settlement agreement."

Because of USAA's adamant refusal to arbitrate the matter, plaintiff filed a complaint for declaratory judgment. Then, plaintiff filed a motion for summary judgment to compel arbitration of the underinsurance motorist claim. The trial court granted plaintiff's motion based on the reasoning contained in *Mulholland v. State Farm Mutual Automobile Insurance Co.* (1988), 171 Ill. App. 3d 600, 527 N.E.2d 29.

Defendant makes three arguments on appeal. First, that the preexhaustion clause is authorized by the unambiguous language of section 143a—2(7) of the Illinois Insurance Code (Code) (215 ILCS 5/143a—2(7) (West 1992)). Second, that *Mulholland* was effectively overruled by section 143a—2(7) of the Code. Finally, defendant argues the preexhaustion clause is supported by Illinois public policy. We believe *Mulholland* is not applicable to the case before us and, therefore, reverse the trial court's decision.

■ First, we note the purpose of the underinsured motorist statute is to place an insured in the same coverage position he or she would have occupied if the tort-feasor had carried adequate insurance. (*Gibbs v. Madison Mutual Insurance Co.* (1993), 242 Ill. App. 3d 147, 610 N.E.2d 143.) Consequently, underinsured motorist provisions do not become applicable unless the limits of a tort-feasor's insurance policy are lower than the limits of the injured person's insurance policy. *Steele v. State Farm Insurance Cos.* (1993), 252 Ill. App. 3d 776, 624 N.E.2d 427.

However, this appeal presents a unique situation. Specifically, it directly implicates procedural aspects rather than substantive interpretations of the Code. Plaintiff argues he is entitled to forgo litigation against the tort-feasor and arbitrate the claim against the underinsurance carrier. In order to accomplish this, plaintiff proposes we apply the tort-feasor's policy limit as a setoff against whatever amount he recovers from defendant through arbitration. Conversely, defendant argues the Code unequivocally permits delaying arbitration over underinsured motorist payments until the liability limits of all other bodily injury policies applicable to the underinsured motorist are exhausted by judgment or settlement. We hold the Code permits the delay of arbitration over underinsured motorist payments in this situation.

As we have already stated, the trial court reached its decision by relying on *Mulholland*. *Mulholland* involved a plaintiff who was injured in an automobile collision. Plaintiff filed a declaratory action in order to force his insurer to proceed with arbitration. However, plaintiff's insurance policy contained an exhaustion clause which required plaintiff to reduce all claims against potential tort-feasors to a judgment or settlement before arbitration could proceed on the underinsurance motorist provision. The pending litigation against the insured tort-feasor was not yet resolved. Consequently, plaintiff's insurer argued that it was not required to arbitrate the matter.

The court held the exhaustion clause was unenforceable because it was against the public policy of this State. The court made this conclusion after examining *Wilhelm v. Universal Underwriters Insurance Co.* (1978), 60 Ill. App. 3d 894, 377 N.E.2d 62, as well as several out-of-State cases. However, the public policy analysis regarding the appropriateness of arbitration was entertained only because the Illinois Insurance Code did not contain any provision entitling insurers to include a preexhaustion clause in their insurance policies. (See Ill. Rev. Stat. 1987, ch. 73, par. 755a—2.) The provision allowing the use of preexhaustion clauses became effective on January 1, 1990. (See Ill. Rev. Stat. 1989, ch. 73, par. 755a—2.) Had the Code contained the provision applicable to the case before us today, an inquiry into public policy would have been unnecessary in *Mulholland*.

■ Furthermore, the language of the statute is both clear and unambiguous. It provides:

> "A policy which provides underinsured motor vehicle coverage may include a clause which denies payment until the limits of liability under all bodily injury liability insurance policies applicable to the underinsured motor vehicle and its operators have been exhausted by payment of judgement or settlement." (215 ILCS 5/143a—2(7) (West 1992).)

Because the statute lacks ambiguities, an inquiry into public policy in this situation is unnecessary and unwarranted. (See *Chapman v. Richey* (1980), 78 Ill. 2d 243, 399 N.E.2d 1277 (an inquiry into public policy in order to construe a statute is unnecessary where the statute is clear and unambiguous).) Consequently, because USAA's policy has sufficiently tracked the language of the statute, our only proper function is to enforce what has been enacted according to the plain meaning of the words used. (*County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 485 N.E.2d 1076.) It is undisputed that the tort-feasor's insurance policy has yet to be exhausted by payment of judgment or settlement. Given this situation, plaintiff simply cannot require defendant to unwillingly

arbitrate the underinsurance claim. Therefore, plaintiff cannot proceed with arbitration against the defendant at this point.

Accordingly, the judgment of the circuit court of Peoria County is reversed.

Reversed.

BRESLIN, J., concurs.

JUSTICE LYTTON, dissenting:

I respectfully dissent. I believe that *Mulholland v. State Farm Mutual Automobile Insurance Co.* (1988), 171 Ill. App. 3d 600, 527 N.E.2d 29, applies here, but only as it pertains to arbitration.

The language of the statute is both clear and unambiguous. It provides:

> "A policy which provides underinsured motor vehicle coverage may include a clause which denies payment until the limits of liability under all bodily injury liability insurance policies applicable to the underinsured motor vehicle and its operators have been exhausted by payment of judgement or settlement." (215 ILCS 5/143a—2(7) (West 1992).)

The statute prohibits *payment* until after a liability policy's limits are exhausted. It does not preclude arbitration. The legislature could easily have included arbitration in the amendment but chose to limit its scope to the denial of payment.

The insurance policy itself expressly provides for arbitration in underinsured motorist claims. Like the statute, the policy's exhaustion clause does not forbid arbitration, only payment. Thus, although the parties may proceed to arbitration under both the statute and the policy, the plaintiff may not force payment of an award until statutory requirements of exhaustion are met. See 215 ILCS 5/143a—2(7) (West 1992).

I would affirm the trial court's order allowing arbitration, but modify it to disallow the payment of any award which may be entered.