FOURTH DIVISION
 November 27, 1996











No. 1-95-2229


STATE FARM FIRE AND CASUALTY COMPANY, ) Appeal from
 ) the Circuit Court
 Plaintiff-Appellee, ) of Cook County.
 )
 v. )
 ) No. 92-CH-1338
SANDRA TROUSDALE, Administrator of the )
Estate of JERRY E. TROUSDALE, Deceased, ) Honorable
 ) John Hourihane,
 Defendant-Appellant. ) Judge Presiding.



 JUSTICE THEIS delivered the opinion of the court:

 Jerry Trousdale was killed in a one-car accident while he was a
passenger in a Corvette he owned with his wife. At the time of the
accident, Joanne Grygiel was driving the Corvette with his permission. 
Trousdale cancelled all but the comprehensive coverage portion of his
Corvette's underlying insurance policy prior to the accident. 
Therefore, Trousdale did not have automobile insurance covering the
injuries arising from the Corvette's accident.
 The Trousdales did own three other insurance policies: (1) an
automobile policy on their Mercedes-Benz; (2) an automobile policy on
their Lincoln Town Car; and (3) a personal liability umbrella policy
which included an optional endorsement adding uninsured and
underinsured motor vehicle coverage with a $2 million liability limit.
 Grygiel had primary vehicle insurance for her own automobile,
which provided coverage while she was driving the Corvette. Grygiel's
policy had a liability limit of $100,000 and Grygiel did not have an
excess liability or umbrella policy. As administrator of Trousdale's
estate, Mrs. Trousdale sought damages in excess of the coverage
provided by Grygiel's policy. Grygiel's policy, however, is not at
issue in this suit. What is at issue is whether the underinsured
motor vehicle ("UIM") endorsement from the Trousdales' umbrella policy
provides coverage under the facts of this case.
 State Farm brought a declaratory action to determine whether 
Trousdale's estate could recover under the umbrella's UIM endorsement. 
State Farm contended that the Corvette did not fall within the
definition of an underinsured motor vehicle as defined by the umbrella
policy, because the policy expressly excluded coverage for the
insured's own vehicle. In addition, this excess policy required the
insured to maintain an underlying vehicle insurance policy. 
 Defendant filed an amended counterclaim alleging that State Farm
violated the Consumer Fraud and Deceptive Business Practices Act (815
ILCS 505/1 et seq. (West 1994)) because: (1) State Farm did not
explain to the Trousdales that the scope of the coverage under the UIM
endorsement differed from that contained in the Corvette's original
underlying insurance policy; (2) a clause in the umbrella policy
adopted the terms of the underlying vehicle insurance policies, all
the policies were deceptive in stating no vehicle insured under the
liability coverage of the policy could be considered uninsured or
underinsured; and (3) the policies were deceptive, they violated
section 143.01(b) of the Insurance Code. 215 ILCS 5/143.01(b) (West
1994). 
 The parties filed cross-motions for summary judgment on State
Farm's complaint. In response to State Farm's motion for summary
judgment, defendant conceded that the umbrella's UIM endorsement
clearly excluded the insured's own vehicle from coverage. However,
defendant argued that State Farm was still obligated to cover the
injuries arising from the accident. Defendant claimed that: (1) the
exclusionary clause was void because it violated public policy and
section 143.01(b) of the Insurance Code; and (2) if the court accepted
State Farm's position, the coverage under the policy would be
illusory. 
 The trial court granted State Farm's motion for summary judgment
and denied defendant's motion for summary judgment. The trial court
found that the policy's provisions clearly excluded coverage for the
Corvette, that the public policy codified in section 143.01 did not
apply to umbrella policies, and that the coverage was not illusory as
the UIM protected insureds when involved in accidents with
underinsured third parties. 
 The trial court also granted State Farm's section 2-619 motion
(735 ILCS 5/2-619 (West 1994)) to dismiss defendant's counterclaim,
finding that defendant failed to state a cause of action under the
Consumer Fraud Act. Defendant appeals from all of these rulings, and
we affirm.
 On appeal, defendant first argues that the clause in the
umbrella's UIM endorsement which excludes coverage for the insured's
own vehicle violates section 143.01 of the Insurance Code. Section
143.01 provides:
 "(b) A provision in a policy of vehicle
 insurance excluding coverage for bodily injury to
 members of the family of the insured shall not be
 applicable when any person not in the household of
 the insured was driving the vehicle of the insured
 involved in the accident which is the subject of
 the claim or lawsuit." (Emphasis added.) 215 ILCS
 5/143.01(b) (1994). 
 State Farm argues, however, that section 143.01 applies to
vehicle insurance policies only, and not umbrella policies. State
Farm notes that section 143a-2(5) of the Insurance Code provides, in
pertinent part, that:
 "Insurers providing liability coverage on an excess
 or umbrella basis are neither required to provide,
 nor are they prohibited from offering or making
 available coverages conforming to this Section on a
 supplemental basis." 215 ILCS 5/143a-2(5) (West
 1994).
State Farm claims that the plain language of this section provides
that the umbrella policy need not conform to section 143.01(b).
 Defendant counters that the UIM endorsement to the umbrella
policy is a policy of vehicle insurance. In addition, defendant
argues that the plain language of section 143a-2(5) does not relieve
insurers offering umbrella policies from complying with the
requirements of the Insurance Code and particularly section 143.01.
 We find no need to resolve this issue, however, as section 143.01
only invalidates those provisions which exclude coverage "for bodily
injury to members of the family of the insured." 215 ILCS 5/143.01(a)
(West 1994). Under the plain meaning of the statute, section 143.01
indicates policy provisions that exclude members of the insured's
family, but not those that exclude the insured. American Family
Insurance Co. v. Woiwode, 276 Ill. App. 3d 176, 658 N.E.2d 51 (1995). 
 Therefore, we reject defendant's argument that the legislature
intended for section 143.01 to afford protection to the insured. 
"Where, as here, the language of the statute is clear and unambiguous,
there is no occasion for judicial construction; the only proper
function of a court is to enforce the law as enacted by the
legislature according to the plain meaning of the words used." 
Golladay v. Allied American Insurance Co., 271 Ill. App. 3d 465, 469,
648 N.E.2d 157, 160 (1995). Because the language of section 143.01(b)
clearly applies only to family members of the insured, we find that it
does not void the umbrella policy's exclusion.
 Next, defendant argues that the umbrella policy's UIM endorsement
did not meet the Trousdales' reasonable expectations when purchasing
the policy. Defendant claims that the Trousdales reasonably expected
that the UIM endorsement would provide coverage just as a policy for
vehicle insurance would.
 In Hoglund v. State Farm Mutual Automobile Insurance Co., 148
Ill. 2d 272, 592 N.E.2d 1031 (1992), the Illinois Supreme Court voided
express policy language under the reasonable expectations doctrine. 
The court ruled that the "exculpatory language on which State Farm
relies cannot be read in isolation. Rather, it must be read in
conjunction with the policyholder's reasonable expectations ***." 
Hoglund, 148 Ill. 2d at 279, 592 N.E.2d at 1034. The court noted that
the policy could not have met the consumer's reasonable expectations
because literally applying the language of the policy would nullify
the basic coverage intended by the policy.
 We find that defendant's argument lacks merit. Defendant claims
that she expected the UIM endorsement would provide coverage to the
insured for bodily injuries sustained while riding in his own vehicle. 
The law provides that an insured has a duty to read policy language. 
Hofeld v. Nationwide Life Insurance Co., 59 Ill. 2d 522, 322 N.E.2d
454 (1975). A review of the express language of the UIM endorsement
and the general purpose of such policies reveals that such an
expectation was unreasonable. 
 The UIM endorsement clearly and unambiguously states that while
the insured would be protected against other financially irresponsible
drivers, it would not apply to the insured's own underinsured vehicle. 
Furthermore, the UIM endorsement specifically provides that the
insured must maintain underlying vehicle insurance. 
 In addition, we reject defendant's argument that if we interpret
the UIM endorsement as not providing coverage under these facts, the
UIM endorsement's coverage is illusory. The endorsement offers the
insured protection and coverage when the insured is injured in an
accident with a driver whose insurance policy is inadequate. Such a
policy enables an insured to determine for himself how much coverage
he believes is acceptable, instead of leaving that decision to other
drivers. Because the UIM endorsement provides beneficial coverage,
the exculpatory language in the UIM endorsement is readily
distinguishable from the exculpatory language in Hoglund v. State Farm
Mutual Automobile Insurance Co., 148 Ill. 2d 272, 279, 592 N.E.2d
1031, 1034 (1992). As such, we decline to apply the reasonable
expectations doctrine to nullify the UIM endorsement's exclusionary
language.
 Finally, we address defendant's argument that State Farm violated
the Consumer Fraud Act. We have already determined the provision
excluding an insured's own vehicle was not prohibited by statute or
public policy. Alternatively, defendant claims that State Farm failed
to properly inform the Trousdales that the UIM endorsement's coverage
differed from the coverage afforded by the vehicle insurance policies. 
Defendant argues that under Glazewski v. Coronet Insurance Co., 108
Ill. 2d 243, 483 N.E.2d 1263 (1985), such conduct clearly violates the
Consumer Fraud Act. In Glazewski, the court found that the defendant
violated the Consumer Fraud Act in selling a policy in a misleading
manner which implied that the policy had value, when in fact it did
not.
 Unlike the policy in Glazewski, the UIM endorsement afforded the
insured protection against underinsured drivers. As such, we find
that Glazewski is readily distinguishable. Furthermore, looking to
the elements for stating a claim under the Consumer Fraud Act, we find
that defendant has not pleaded such a cause of action.
 To state a cause of action under the Consumer Fraud Act,
defendant must allege: (1) a deceptive or unfair practice; (2) an
intent by State Farm that the Trousdales rely on that deception; and
(3)that the deception occurred during trade or commerce. Siegel v.
Levy Organization Development Co., 153 Ill. 2d 534, 607 N.E.2d 194
(1992).
 We find that defendant has failed to plead a deceptive or unfair
practice. In 1985, the Trousdales initially purchased underlying
vehicle insurance for their Mercedes and Lincoln, and the umbrella
policies. All of the policies excluded the insured's own vehicle from
coverage. Effective January 1, 1988, State Farm complied with the
newly enacted section 143.01 and amended its underlying vehicle
policies to provide coverage for the insured's own vehicle. All
customers were notified of this change. In June of 1988, the
Trousdales purchased the Corvette and another underlying vehicle
insurance policy. 
 Under these facts, we fail to see how State Farm's conduct was
deceptive or unfair. State Farm sold the Trousdales an umbrella
policy which clearly and unambiguously excluded coverage for the
insured's own vehicle and required the insured to maintain an
underlying vehicle policy, but still afforded tangible coverage. 
Defendant argues that State Farm breached a duty in failing to inform
the Trousdales that coverage would not be afforded under the facts of
this case. The cases interpreting the Consumer Fraud Act fail to
support defendant's argument. See Jones v. Universal Casualty Co.,
257 Ill. App. 3d 842, 630 N.E.2d 94 (1994).
 Affirmed. 
 HOFFMAN, P.J., and CAHILL, J., concur.